PAUL MEERSCHEIDT ET AL. v. JOHN W. GARDNER.

Decided January 19, 1908.

**School Land—Commissioners' Court—Power to Sell Pending Lease.**

The fact that the school land belonging to a county has been leased for a definite term, and that the term of office of the County Commissioners will expire before the term of the lease, would not affect the power of the Commissioners' Court to make a valid sale of the land pending the lease, in the absence of any question of unfairness or fraud in the transaction.

Appeal from the 37th Judicial District, Bexar County. Tried below before Hon. E. Dwyer.

*Frederick Reutzel,* for appellants.—Art. 7, sec. 6, of the Constitution, provides that "Each county may sell or dispose of its lands in whole or in part in manner to be provided by the Commissioners Court of the county." Constitution, art. 7, sec. 6; Platt v. Union Pac. R. R. Co., 99 U. S., 48; Phelps v. Harris, 101 U. S., 380; Hill v. Sumner, 132 U. S., 123. The above cases construe the meaning of the word "dispose" and "sell or dispose." Logan v. Stephens Co., 98 Texas, 283; Dallas Co. v. Club L. & C. Co., 95 Texas, 200; San Augustine Co. v. Madden, 87 S. W., 1056; Delta v. Blackburn, 100 Texas, 51; Pulliam v. Runnels Co., 79 Texas, 369; Falls Co. v. De Laney, 73 Texas, 463; Bland v. Orr, 90 Texas, 492; Mills Co. v. Lampasas Co., 90 Texas, 606; Baldwin v. Travis Co., 88 S. W., 484; Jay v. Taylor, 123 Ind., 148 (7 L. R. A., 160).

*Robt. B. & N. O. Green* and *Frank Walsh,* for appellee.

JAMES, CHIEF JUSTICE.—Appellants' statement of the nature and result of the suit, admitted by appellee to be correct, is here copied:

"On September 21, 1907, John E. Gardner filed suit in the District Court of Bexar County, Texas, against Paul Meerscheidt and F. J. Reynolds, appellants herein, alleging that on or about the 8th day of June, 1907, John E. Gardner, appellee herein, entered into a written contract with appellants wherein appellee agreed to sell, and by good and sufficient warranty deeds to convey to appellants, four leagues of land, being leagues Nos. 295, 296, 297 and 298, known as the Reagan County school lands, situated in Gaines County, Texas, the title and conveyance to be subject to certain indebtedness, as set out in appellee's petition, to be assumed by appellants, and appellants agreed to pay to appellee upon approval of appellee's title to the land, $8,856 in cash and assume and pay off the said indebtedness due Reagan County.

"Appellee agreed to furnish appellants within twenty days from June 8, 1907, an abstract of the title to said four leagues of land, and appellants were to have thirty days within which to examine same, and it was agreed by appellee in said contract that he furnish to appellants good and sufficient title to said land.

"Appellee further alleged that he had complied with his part of said written contract; that he had furnished appellants with abstract

showing good and sufficient title in him to said four leagues of land, subject only to the indebtedness against the same, which the appellants obligated themselves to pay, and prayed for judgment decreeing specific performance of said contract of June 8, 1907; that he recover said cash consideration of $8,856 agreed by appellants to be paid in cash and $500 paid by appellee on a note due Reagan County, and which was to be assumed by appellants, but which appellee had to pay because appellants failed to do so; and prayed further that appellants be adjudged to assume to pay said indebtedness due Reagan County, for interest and special and general relief, etc.

"Appellants answered: (1) By general denial. (2) By pleading failure of title in plaintiff (appellee herein) in this: That plaintiff having derived his title to said land from Reagan County, acting by and through its County Commissioners, whose respective terms in office expired on or about November, 1908, said Commissioners were without power and authority in law to convey plaintiff (appellee herein) the legal title to said land, for the reason that they had previously disposed of said land by leasing the same to one Scarborough for a term of years ending March, 1910, which lease term would not expire until after the expiration of their then official terms as Commissioners of Reagan County, and not having good title himself, appellee could not offer, and did not offer, good title to appellants; that the contract stipulated that if any objections are raised to said title, then upon being notified, he agreed in said contract to remove such objections, and if suit should be brought to do so, he agreed to bring suit without delay and remove such objections; that appellants notified appellee of their objections to said title as above set out, and appellee failed to take the necessary steps to cure such defects by suit or otherwise.

"The case was submitted to the court on an agreed statement of facts, and the court entered judgment for the plaintiff."

The facts are that the four leagues in Gaines County were owned by Reagan County, and in March, 1905, the Commissioners of Reagan County leased it to Scarborough for a term of years ending March 28, 1910. In May, 1907, the Commissioners Court of Reagan County sold the land to appellee Gardner. The term of office of said Commissioners making said sale will expire in November, 1908.

On June 8, 1907, Gardner entered into a written contract with defendants (the appellants) wherein he agreed to convey said land to defendants upon the terms and conditions set out in the petition, and within the time specified in said contract furnished defendants the abstract of title to said land and defendants had thirty days thereafter in which to examine same. More than thirty days after furnishing the abstracts plaintiff tendered defendants good and sufficient warranty deeds to said land and demanded of defendants the cash payment of $8,856 provided for in the contract, and the sum of $500, which was paid by defendant to Reagan County, as is also provided in said contract.

The defendants refused to complete said contract by accepting the deeds and paying the sums provided for in the contract, stating

to plaintiff that his title failed in this, that the Commissioners Court of Reagan County having disposed of the land by lease until 1910 the Commissioners of Reagan County, whose respective terms of office expired previous to 1910, could not again dispose of the land by making sale thereof to plaintiff.

After so stating the facts, counsel conclude the agreement as follows:

"It being agreed and understood that the only question in this cause is, as to whether or not the Commissioners Court of Reagan County had power and authority to sell the lands in question after Reagan County had disposed of the land through its Commissioners by leasing the same to a third party, said lease being in full force, the lessee having paid the rentals regularly as they accrued.

"If the Commissioners Court of Reagan County did not have the power to dispose of the lands by sale during the existence of the said lease, then the sale to plaintiff by Reagan County of said lands is void, and the judgment should be for the defendants.

"If said Commissioners Court, however, could make the sale of lands to plaintiff after Reagan County had disposed of same by making said lease, then said sale is valid and the judgment should be for the plaintiff."

The District Court rendered judgment for the plaintiff.

There is one assignment of error, as follows: "The court erred in rendering judgment against the defendants, and for the plaintiff for specific performance of the contract declared upon by him, for the following reason, to wit: The testimony showed that plaintiff's title to the Reagan County school land failed, and plaintiff therefore could not deliver good title to defendants thereto, because Reagan County in 1905, acting through its Commissioners Court, disposed of said land within the meaning of art. 7, sec. 6, of the Constitution of this State, by leasing the same until the year 1910, and after having so disposed of same (and while said lease was in full force and effect) Reagan County, by its commissioners, whose respective terms in office expired before said lease expired, could not again dispose of said land by making sale thereof to plaintiff, the power to dispose of the land again being in the commissioners of Reagan County, who will be in office during the year 1910."

The power of the Commissioners Court to make disposition of its school land is found in the Constitution: "Each county may sell or dispose of its lands, in whole or in part, in manner to be provided by the Commissioners Court of the county." This embraces power to lease the land. Falls County v. De Laney, 73 Texas, 463.

The question presented, free from all other questions or circumstances, is whether or not, while such land is under a fixed lease, the power to sell is suspended. The contention of appellant amounts to this: That the land having been leased for a period, the Commissioners Court had disposed of it for that period, and had exhausted their power to deal with its disposition, until the expiration of the lease by lapse of time or in some other manner.

In Logan v. Stephens County, 98 Texas, 290, the County Commis-

sioners Court is declared to have the same power as a trustee, and its exercise is subject to the rules governing trustees in the discharge of their duties. In that case the principle was applied that as trustee the court could not delegate its discretionary powers. We have no doubt that where the Commissioners Court itself acts the power given it can be exercised to the fullest extent. The fact that the power in question is to be exercised by the Commissioners Court as trustee, has' nothing whatever to do with the present case when the sale was made by the Commissioners Court itself, and the case is not embarrassed by any question of unfairness or fraud in the transaction.

The single question before us is whether or not at the time of the sale to plaintiff the Commissioners Court was divested, by the outstanding lease for a fixed term, of power to sell the land. We think not. We think nothing short of a sale of the land would destroy the power to sell it. It may be that such a disposition of it as a lease and other circumstances, might combine to render it impracticable for the Commissioners Court to exercise its power of sale at a particular time, in good faith as trustee, and thus the validity of the sale would be affected, but the case before us is not encumbered with any such considerations. It may be that in the condition it was, with the lease upon it, the land could be sold to better advantage then than at a future time, say at the termination of the lease. The fairness or expediency of the sale is not in question. The power of sale includes the power to determine the time of sale, as well as the manner of sale. The fact of having property leased is not inconsistent with a sale of it. As to individuals, the fact of leasing does not affect the owner's power to sell, and we construe the constitutional grant of power to the Commissioners Court in this instance as enabling them to do with the property (as to sale and disposition) as other proprietors might do, save that their act in the premises must be in the manner and such as would be permissible for them, as trustees, to do. We conclude that the mere fact that the land was under a lease for a definite term, did not destroy or impair the power to sell it, and that the judgment ought to be affirmed.

*Affirmed.*

Writ of error refused.