SCHOOL DIST. NO. 7 v. FRAZIER.
(No. 5942.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 2, 1918.)

1. TRIAL ⊕⇒397(4) — FINDINGS OF FACT — EVIDENCE.

Where it is assigned as error that the court did not make certain findings of fact, and such assignments involve facts contradictory to findings made, such assignments will be overruled where the findings made are supported by the evidence.

2. APPEAL AND ERROR ⊕⇒219(2)—FINDINGS OF FACT—NECESSITY FOR REQUEST.

Where no request is made for findings on a certain issue, error cannot be assigned for failure to make findings on such issue.

3. DEDICATION ⊕⇒39 — ESTOPPEL — STATEMENTS AND DECLARATIONS.

An agent for sale of town-site lots is not estopped to claim ownership by purchase of a certain lot by statements that such lot was public property, where no one was induced to purchase lots thereby.

Appeal from District Court, Refugio County; Jno. M. Green, Judge.

Suit by School District No. 7 against Berd T. Frazier. Judgment for defendant, and plaintiff appeals. Affirmed.

E. Gordon Gibson, of Rockport, for appellant. J. Turner Vance, of Refugio, and Fowler & Fowler, of Goliad, for appellee.

MOURSUND, J. The district trustees of district No. 7, county of Refugio, sued Berd T. Frazier to recover an acre of land and the value of a building removed therefrom, al-

leging that said land had been donated and dedicated for school purposes by Burton & Danforth, the original town-site promoters, and that Frazier purchased the land from Burton & Danforth with knowledge of such dedication. Plaintiffs also pleaded estoppel against Frazier, alleging that he had represented that such lot was public property while acting as agent for Burton & Danforth. Frazier answered by general denial and plea of not guilty. The trial resulted in a judgment in favor of defendant.

The court's findings of fact and conclusions of law are as follows:

### "Findings of Fact.

"(1) That the plaintiffs here in open court abandoned all claim to the tract of land and building sued for, and for all damages against defendant, Berd T. Frazier, in the capacity of trustees for the public, or in any capacity save as trustees of district No. 7, Refugio county, Tex.

"(2) That both plaintiffs (said district trustees) and the defendant, Berd T. Frazier, claim title to the land and premises herein sued for, by and through Burton & Danforth, a firm then composed of E. O. Burton and A. H. Danforth, as the common source of title.

"(3) That the attorney for plaintiffs was duly and properly authorized to file and prosecute this suit.

"(4) That said Burton & Danforth did agree to execute a deed to a suitable site or tract of land to be used for school purposes to the proper parties at the proper time within the limits of said school district, no particular tract being indicated.

"(5) That in accordance with said agreement the said Burton & Danforth did tender the proper parties, to wit, the district trustees of district No. 7 of Refugio county, Tex., a deed to the tract of land herein sued for, and said deed was refused by said trustees, and by such refusal thereby declined to take and accept said tract of land and building situated thereon.

"(6) That at no time did Burton & Danforth intend to dedicate, nor did they dedicate, the tract of land and building thereon, or either of them, herein sued for, for school purposes, or any other purpose, but at all times retained the legal and equitable title thereto, and the custody, management, and control thereof, and the use thereof by the public and school trustees was by permission of said Burton & Danforth only.

"(7) That after the refusal of said trustees as aforesaid to take and accept the deed to said land and premises herein sued for said trustees selected another and different site or tract of land which they desired to use for school purposes, and, thereupon requested, the said Burton & Danforth did make, execute, and deliver to said trustees a deed to the tract of land so selected by said trustees, which deed was taken and accepted by said trustees and duly filed for record in the proper county.

"(8) That the site so selected by said trustees and to which they accepted the deed was more centrally located and was of greater value for school purposes than the tract of land and building sued for herein, and was of equal value otherwise.

"(9) That it was the will and wish of the majority of the citizens of Bayside and of said school district No. 7 that the school be located on the site so selected by said trustees.

"(10) That nothing was paid to said Burton & Danforth for the tract of land so accepted by said trustees, and that the same was accepted in accordance with the promise of the said Burton & Danforth to deed a suitable tract of land or site to said school district for school purposes.

"(11) That said Burton & Danforth at no time agreed to execute a deed to or to dedicate two sites or tracts of land to said school district No. 7 or to Bayside Colony, each or either of them, for school purposes or for the use of the public generally.

"(12) That it was the intention of each, the said school trustees and said Burton & Danforth, that the deed to the property and site so selected by said trustees was to be accepted in lieu of all claims such trustees may have had to the said tract of land and building thereon herein sued for.

### "Conclusions of Law.

"(1) That the property herein sued for was never dedicated by the said Burton & Danforth for any purpose, and the legal and equitable title thereto is now in the defendant, Berd T. Frazier.

"(2) That by the acceptance of said deed to the site and tract of land so selected by the trustees of said school district No. 7, the same being so accepted in lieu of any claim such district, or said trustees, may have had to the tract of land and premises sued for, such school district and said trustees are estopped from claiming the tract of land, or building, or either, herein sued for, and judgment should be rendered for the defendant, Berd T. Frazier, and judgment is so rendered."

The first five assignments of error attack the fourth, fifth, and sixth findings of fact. Our conclusions with reference to the findings are as follows:

The fourth finding of fact is erroneous only in so far as it states that the lot to be conveyed was to be situated in the school district. At that time the school district was not in existence. In a pamphlet advertising Bayside lots, Burton & Danforth stated:

"(A) This Bayside tract contains 2,655 acres of land, and we will subdivide it as follows: One hundred acres on the shore of Copano Bay has been set aside for a town site, and will be subdivided into 500 lots each 50x125 in size, In addition to these lots a public square or plaza, a site for a public school, and three sites for churches of different denominations will be deeded to the trustees selected by the purchasers of this land; 2,500 acres will be subdivided into 500 five-acre farms; and we believe that each of these lots and farms is worth as much as the other."

This announcement referred to the old Bayside tract, and that alone, as testified by Burton. At the time this pamphlet was issued the site for a school had not been designated, but later on the lot in controversy was selected by Burton & Danforth, and after the school district was created they tendered a deed thereto to the trustees for such school district, but it was rejected because it contained a reversionary clause and conditions objected to by the trustees. The evidence justified the court in finding that the only agreement made by Burton & Danforth was one to convey the lot, and that they had no intention to divest themselves of title by dedication.

The sixth finding of fact in its entirety is supported by the testimony.

While we find the facts to be different in minor respects from those found by the trial

court, the facts, as found by us, support his first conclusion of law, which is adopted by us as correct.

[1] The sixth and seventh assignments complain because the court did not make certain findings of fact, and the eighth assignment is to the effect that the undisputed evidence showed that Frazier had represented to intending purchasers that the lot was public property, and thereby estopped himself from setting up any claim of title thereto. By these assignments it is undertaken to add to the findings of fact of the trial court when no request for additional findings was made to the trial court. The sixth and seventh assignments may be said to involve facts which are contradictory of those actually found by the court, and might be construed as an attack on the court's findings, above discussed. They will be overruled because we find the court's conclusions to the contrary to be supported by the evidence.

[2, 3] The issue to which the eighth assignment relates was not touched upon by the trial court in his findings, and, as appellant made no request for a finding thereon, it is not in a position to assign the error attempted to be assigned. Caplen v. Cox, 42 Tex. Civ. App. 297, 92 S. W. 1048; Gladys City Oil Co. v. Right of Way Oil Co., 137 S. W. 171; Capps v. City of Longview, 122 S. W. 427; Savage v. Umphres, 62 Tex. Civ. App. 209, 131 S. W. 291. We may also add, however, that the statement in the brief fails to show that either of the two witnesses whose testimony was relied upon was induced to purchase lots by anything said by Frazier; so there is no estoppel even as to such persons.

The remaining assignments relate to the court's second conclusion of law. As the judgment must be affirmed regardless of such conclusion, it is unnecessary to consider such assignments.

The judgment is affirmed.