**THOMASON et al. v. REED.  (No. 10550.)**

(Court of Civil Appeals of Texas. Fort Worth.
April 5, 1924. Rehearing Denied
May 24, 1924.)

1. **Appeal and error ⬤═672—Alleged error, determination of which requires examination of statement of facts, not reviewed as fundamental error.**

Alleged errors cannot be reviewed as fundamental error apparent of record if determination of questions will require an examination of statement of facts.

2. **Public lands ⬤═173ᐟ(14)—Lease from county held not void because made for consideration other than money as between lessee and successors in interest.**

Oil lease on county school lands executed by commissioners' court of county purporting to convey seven-eighths of all oil, gas, and other minerals in consideration of sum of $200 paid on execution of lease and $500 to be paid on specified date and further payment of $1 per acre on specified dates, unless oil or gas is produced prior to such dates, in which case lessees shall pay an amount equivalent to one-eighth of the market value at the well of all oil and gas produced, in lieu of such payments of $1 per acre, *held* not void because made for consideration other than money as between lessee's successor in interest and his assignee in absence of cancellation by commissioners' court.

Appeal from District Court, Throckmorton County; W. R. Chapman, Judge.

Suit by Mrs. Edna Thomason and husband against M. H. Reed. Judgment for defendant and plaintiffs appeal. Affirmed.

A. H. Carrigan, of Wichita Falls, and G. W. Thomason, of Haskell, for appellants.

Hart, Patterson & Hart, of Austin, and T. R. Odell, of Throckmorton, for appellee.

DUNKLIN, J. Mrs. Edna Thomason, joined by her husband, Y. L. Thomason, sued M. H. Reed to recover title and possession of certain vendor's lien notes alleged to belong to Mrs. Thomason, and also to cancel a certain note executed by Y. L. Thomason to the defendant. According to allegations in plaintiff's petition, Howard Maud procured what is termed an oil lease on 15,000 acres of land belonging to Travis county and known as county school land; the lease being procured from the commissioners' court of Travis county. The defendant Reed purchased the lease from Maud and divided up the land in several tracts, with the exception of a tract of 3,000 acres which he reserved to be developed by himself. In order to induce purchasers to buy leases on the other tracts he represented and agreed to drill a well for oil or gas to a depth of 3,500 feet on the 3,000-acre tract reserved by him. Upon such representations and agreement, he induced plaintiff Y.

L. Thomason, who was acting for himself and his wife, Mrs. Edna Thomason, to take a transfer and assignment of the lease on two tracts of 250 acres each, out of the original tract of county school land. In consideration for that lease Thomason transferred to Reed the promissory vendor's lien notes sued for which belonged to his wife, and also executed and delivered to Reed his own note for the sum of $2,241.60.

It was further alleged that while the notes mentioned above were delivered to the defendant Reed, 'such delivery was with the understanding and under an agreement that Reed would furnish Thomason a complete abstract of title to the land on which he was to convey a lease to Mrs. Thomason, and that until that was done Reed would hold all the notes in trust for the plaintiffs, and that the trade would not be finally consummated until such abstract was furnished. It was further alleged that the defendant failed and refused to furnish the abstract.

According to further allegations, the defendant's agreement to drill the well on the 3,000-acre tract was made with no intention to perform it, and for the fraudulent purpose of inducing plaintiff to consummate the, trade, and by reason of such fraud a rescission and cancellation of the trade and recovery of all the notes mentioned was sought. As a further ground for recovery, it was alleged that plaintiffs and the defendant agreed to rescind the trade, and that, in pursuance of such agreement, a reconveyance of the lease, duly executed by Mrs. Thomason, was tendered to the defendant, who refused to accept it.

Plaintiffs further alleged that the lease executed by the commissioners' court of Travis county to Maud, in the first instance, was null and void, and therefore the assignment of 500 acres of that lease from Reed to Mrs. Thomason was likewise void, and for want of consideration to support the trade, Mrs. Thomason was entitled to recover the notes formerly owned by her, and Y. L. Thomason was entitled to a cancellation of the note executed by him to Reed.

The truth of all of plaintiffs' allegations was put in issue by proper pleadings filed by the defendant. And by cross-action the defendant sought a recovery against Y. L. Thomason upon the note which he had executed to the defendant in part consideration for the trade.

The case was tried before a jury who returned a verdict adverse to plaintiffs' allegation of fraud, also to the allegation of an agreement of the parties to cancel, and to the further allegation that it was agreed and understood between the parties at the time of the trade that Y. L. Thomason would. accept from Reed the oil lease of 500 acres in favor of Mrs. Thomason to hold in trust

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

only until the trade should be finally consummated at a later date. The jury further found that the execution and delivery by Reed of the lease in favor of Mrs. Thomason represented the final and complete agreement of Reed and Thomason. Upon that verdict the court rendered a judgment that Mrs. Thomason take nothing by her suit and that the defendant Reed recover of Y. L. Thomason the amount due on the note executed by Thomason to Reed, above mentioned. From that judgment the plaintiffs appealed.

Appellants failed to file briefs in this court within the time prescribed by law. They presented a motion for leave to file briefs at a later date, which motion was, resisted by appellee and was overruled, but appellants filed another motion asking leave to present a written argument in order to point out certain alleged fundamental errors in the record, and that motion was granted.

[1] It is insisted that the judgment should be reversed because the evidence conclusively established a breach by Reed of his contract to develop the 3,000-acre tract, and that he made that agreement with the fraudulent intention to induce plaintiffs to make the trade and with no intention to drill the well. In order to determine the merits of that assignment, it would require an examination of the statement of facts, which we are not called upon to do, since such alleged error is not apparent upon the face of the record. Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 537, 124 S. W. 85; Searcy v. Grant, 90 Tex. 97, 37 S. W. 320; Rockhill Club v. Nix (Tex. Civ. App.) 198 S. W. 155; Riggs v. Bateman (Tex. Civ. App.) 198 S. W. 813; Hassell v. Rose (Tex. Civ. App.) 199 S. W. 846; M. K. & T. Ry. v. Maxwell, 104 Tex. 632, 143 S. W. 1147; Barkley v. Gibbs (Tex. Civ. App.) 203 S. W. 163.

[2] Another alleged fundamental error is presented in the contention that the oil lease procured from the commissioners' court of Travis county by Maud was absolutely void; that the assignment of a portion of it to Mrs. Thomason was likewise void, and, therefore, no consideration passed for the notes which Reed received from plaintiffs. In support of that contention, the case principally relied upon is Thomason v. Upshur County (Tex. Civ. App.) 211 S. W. 325. In that case Upshur county instituted a suit to cancel an oil lease made to Thomason. A judgment canceling the lease was affirmed. That lease was in the ordinary form of an oil and gas lease and stipulated that it was made in consideration of $5 cash paid and of the contract on the part of the lessee to deliver to the county a royalty of ⅛ of all the oil produced from the land. And it was held void because the sale was made for a consideration other than money, contrary to the provisions of the Constitution of the state, to the effect that such a sale can be made for money only.

The oil lease from Travis county to Maud, described in plaintiffs' petition, purported to be a deed to ⅞ of all the oil, gas, coal and other minerals in and under the 15,000 acres of land. The consideration for such conveyance, as expressed in the instrument, reads as follows:

"For and in consideration of the sum of two hundred ($200) dollars cash paid by Howard M. Maud, of Travis county, Tex., receipt of which is hereby acknowledged, and the payment by the said Howard M. Maud of five hundred dollars ($500) on or before the 1st day of July A. D. 1919, and the further payment of one dollar ($1) per acre on the 1st days of February, 1920 and 1921, respectively, unless oil or gas is produced prior to said respective dates in and under the hereinafter-described property and premises in paying quantities; and in the event oil or gas is produced in paying quantities on or before either of the said dates, the said Howard M. Maud, his heirs and assigns, shall pay in cash to Travis county a sum of money equivalent to one-eighth (⅛) of the market value, at the well, of all oil and gas produced and saved on said land, said payments to be in place and in lieu of one dollar ($1) per acre, and to be made quarterly for each well, the first payment for each well to be made within fifteen (15) days after the expiration of the first quarter immediately following production and thereafter for each succeeding quarter fifteen (15) days after the expiration of the same."

It thus appears that the lease on its face does not specifically stipulate that the purchase price should all be paid in something other than money. Nor does it appear from the record that Mrs. Thomason's right to have the tracts drilled and to acquire ⅞ of the oil produced therefrom has ever been questioned or denied by Travis county or any one else. If there is a just ground for cancellation of the lease, Travis county can assert it, but whether it can procure such a cancellation, and on what terms, it is unnecessary for us to decide, and we do not decide, in this case. In the absence of such a cancellation, we are unable to say from the record before us that it is absolutely void on its face and that consequently there was a want of consideration for the transfer of the notes belonging to Mrs. Thomason and the execution of the note by her husband.

It has been frequently held in this state that the commissioners' court of a county has authority to sell county school land in such subdivisions and upon such terms as in their discretion may seem to the best interest of the county, provided such sales be made for money only, and that as an incident of the power to sell the commissioners' court also may, in its discretion, lease county school lands. Falls County v. De Laney, 73 Tex. 463, 11 S. W. 492; Palo Pinto Co. v. Gano, 60 Tex. 249; Meerscheidt v. Gardner (Tex. Civ. App.) 107 S. W. 619; McInnes v. Wallace (Tex. Civ. App.) 38 S. W. 816; Club Land & Cattle Co. v. Dallas County (Tex. Civ. App.)

64 S. W. 872; Brazoria v. Padgitt (Tex. Civ. App.) 160 S. W. 1170; Foard Co. v. Sandifer, 105 Tex. 420, 151 S. W. 523.

It has also been held that the character of instrument as a conveyance is not destroyed by reason of a condition contained therein which may operate to terminate the grant. Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; McEntire v. Thomason (Tex. Civ. App.) 210 S. W. 564; McFarlane v. Gulf Co. (Tex. Civ. App.) 204 S. W. 460. That observation is applicable to the provision in the lease to the effect that if a well is not drilled or rentals paid in lieu of such drilling, according to the terms of the instrument, the lessee would forfeit all rights under the instrument.

Other errors are assigned to the court's charge to the jury and to the refusal of the instructions requested by the appellants. Those assignments do not present fundamental error apparent upon the face of the record, since in order to determine their merits this court would be required to examine the entire record.

For the same reason we will not consider several other assignments to the effect that the evidence conclusively established a right of recovery in the plaintiffs.

Accordingly, the judgment of the trial court will be affirmed.