

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 19, 1977

Honorable Chris A. Mealy
County Attorney
Llano County Courthouse
Llano, Texas

Opinion No. H- 1025

Re: Validity of option to
lease school land from
county.

Dear Mr. Mealy:

You inform us that Llano County leased certain school lands to private individuals for a five-year period. The lease gave the lessees an option to re-lease the property at the end of the five-year period, provided they equaled the bid of any other party wishing to lease the land. You inquire whether the option is valid and binding on the county.

Article 7, section 6 of the Texas Constitution, which provides for disposition of county school lands, reads in part:

> All lands . . . granted to the several counties of this State for educational purposes, are of right the property of said counties respectively. . . . Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county.

Section 17.82(a) of the Education Code also authorizes the county to sell or dispose of school lands in the manner prescribed by the commissioners court. Under these constitutional and statutory provisions, the counties may lease school lands. Falls County v. DeLaney, 11 S.W. 492 (Tex. 1889).

We have found no Texas case which conclusively determines the power of the commissioners court to grant an option to lease school lands. In three cases, however, the courts have discussed the power of the commissioners to grant an option to purchase. In two of those cases the courts stated that the commissioners court lacked such power. Potter County v. C.C.

Slaughter Cattle Co., 254 S.W. 775 (Tex. Comm'n App. 1923, jdgmt adopted), aff'g, 235 S.W. 295 (Tex. Civ. App. -- Amarillo 1921); Midland County v. Slaughter, 130 S.W. 612 (Tex. Civ. App. 1910, writ ref'd). The court in Ellerd v. Cox, 114 S.W. 410 (Tex. Civ. App. 1908, no writ), however, concluded that the county had implied power to give an option to purchase as an incident to a lease. In none of these cases was the discussion of the validity of the purchase option necessary to the judgment, and the Supreme Court did not write on or expressly adopt the reasoning of the lower courts in any of the three cases. See Texas Rules of Form (3rd ed. 1974) at 6, 8, for explanation of the significance of "judgment adopted" cases and "writ refused" cases prior to 1927.

We believe the disparate dicta of these lower court cases relating to options to purchase land provide little guidance in determining the power of a county to grant an option to lease its school lands. We find more persuasive the language used by the Supreme Court in upholding the power of a county to enter into an oil lease on its school lands:

> There is nothing in the constitutional provision here involved which in the remotest degree limits the right of the commissioners' court to make a sale of its mineral estate upon terms similar to those made by citizens generally.

Ehlinger v. Clark, 8 S.W.2d 666, 671 (Tex. 1928). This language was quoted in the more recent case of Upshur County v. Heydrick, 221 S.W.2d 326, 328 (Tex. Civ. App. -- Eastland 1949, writ ref'd n.r.e.). Although the court did not directly consider the point, the contract upheld in Ehlinger v. Clark contained a "renewal" clause, empowering the lessee to defer commencement of drilling for 12 months upon payment of $200.

While the matter is certainly not free from doubt, we believe the expansive reading of the constitutional power of the commissioners court in Ehlinger v. Clark and Upshur County v. Heydrick indicates the courts would conclude that a county may lease its school lands upon terms similar to those made by citizens generally, including a reasonable option to extend the lease period. Cf. Griffin v. Bell, 202 S.W. 1034 (Tex. Civ. App. -- Texarkana 1918, writ ref'd); Blaffer & Farish v. Gulf Pipe Line Co., 218 S.W. 89 (Tex. Civ. App. -- Galveston

1919, no writ) (upholding validity of options in contracts by private parties). You have suggested no other grounds by which the contract in question might be invalid or not binding on the county.

### S U M M A R Y

Texas courts would probably hold that the commissioners court of a county may lease the county's school lands upon terms similar to those made by citizens generally, including a reasonable option to extend the lease period.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw