

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

May 1, 1989

Honorable Carmen Rivera-Worley
Val Verde County Attorney
207 Losoya Street
Del Rio, Texas    78840

Opinion No.  JM-1043

Re:    Whether a commissioner's court may enter into a lease with an option to extend, and related questions (RQ-1558)

Dear Ms. Rivera-Worley:

You ask:

> 1.  Can [a] Commissioners Court enter into a lease coupled with an option to extend the lease?

> 2.  May Commissioners Court grant a lease where there was no advertisement for competitive bidding?

Your request indicates that these questions arose in connection with the following factual circumstances.   In 1977, an individual was granted a lease on a certain parcel of county-owned land in Val Verde County, with an option to extend the lease  after the initial  lease term.  The  lease term ran  out in  1980, and  the option  was exercised.   In 1982, the lease extension under  the option expired and  the commissioners court authorized the  county judge to  "advertise for bids" to lease  the property. The same  individual who had previously held the lease was granted the new lease, for a five year term with  an option to extend for an  additional five years.   In 1987, the  lessee announced that  he would exercise his  option to extend  the lease for  another five years.  However, you state that instead of the existing lease being extended under  the option at  this time, a <u>new</u> lease was entered into, again  for a five year initial  term with an option  to extend  for another  five years.   "There were no competitive bids announced for this new lease."

The individual leasing the land has used the land for a gun range and an owner of nearby property has complained  to the commissioners about the hazards posed by the gun range.

The commissioners agreed to approve the lease, on the understanding that you would make this opinion request.

We note at the outset that fact questions cannot be determined in the opinion process. Our recitation of the facts you present is in no way an affirmation of their veracity, but is only a statement of the basis on which this opinion is rendered.

I.

In response to your first question, we conclude that a commissioners court may lease county-owned property and that such agreement may include a reasonable option to extend the lease.

Section 263.001 of the Local Government Code provides for the sale or lease of real property owned by the county. Subsection (a) of section 263.001 states:

> The commissioners court of a county, by an order entered in its minutes, may appoint a commissioner to sell or lease real property owned by the county. The sale or lease must be made at a public auction held in accordance with this section unless this chapter provides otherwise.[1]

Whether the authorization to lease county property includes the authorization to include in the lease provisions an option to extend the lease at the end of the initial lease term was addressed in Attorney General Opinion H-1025 (1977). The issue in that opinion arose with respect to the leasing of county school land for a five year period with an option to extend for an additional five year period. The opinion concluded that "a county may lease [its] school lands upon terms similar to those made by citizens generally, including a reasonable option to extend the lease

---

1. Prior to their codification in the Local Government Code in 1987, these provisions appeared in article 1577 of the Civil Statutes. Acts 1987, 70th Leg., ch. 149, at 707, 1035. Until 1973, article 1577 provided only for the 'sale or disposal' of county-owned real property. Acts 1973, 63rd Leg., ch. 499, at 1329. Several opinions of this office had concluded that the authorization in article 1577 prior to 1973, to sell or dispose of property, did not include the authorization to lease such property. See, e.g., Attorney General Opinions M-799 (1971) and V-1085 (1950).

period." In support of its conclusion, the opinion quoted the following language from Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928), where the court considered the granting by a county of an oil lease on its school land, which agreement contained a 'renewal' clause authorizing the lessee to defer commencement of drilling for twelve months upon payment of a certain sum:

> There is nothing in the constitutional provision here involved which in the remotest degree limits the right of the commissioners' court to make a sale of its mineral estate upon terms similar to those made by citizens generally.[2]

8 S.W.2d 666, at 671.

Accordingly, we conclude that a county may lease county property pursuant to section 263.001 of the Local Government Code and that such lease may include a reasonable option to extend. We do not, however, here pass on the validity of any particular lease or option provisions.

It might be urged that a commissioners court could not make an agreement of this sort, which would be binding on future courts. However, we think such restriction applies in Texas at best only to governmental functions of a political subdivision such as a county, and that disposition of county-owned real property is not such a governmental function. See, e.g., Attorney General Opinion JM-908 (1988); City of Big Spring v. Board of Control, 404 S.W.2d 810 (Tex. 1966); Gulf Bitulithic Co. v. Nueces County, 11 S.W.2d 305 (Tex. Comm'n App. 1928, judgm't adopted). We do caution, that were a court to find that such a lease had been entered into for an unreasonably long term, or with an unreasonably long extension period under an option provision, or subject to other unreasonable terms, it might well conclude that the county had thereby exceeded its authority. See Attorney General Opinion H-1025 (1977).

---

2. Notably, the provisions authorizing the county to dispose of school land under consideration in Attorney General Opinion H-1025 and in Ehlinger did not explicitly include the authorization to lease such land; but the authority to lease had been inferred from those provisions in Falls County v. Delaney, 11 S.W. 492 (Tex. 1889). See Tex. Const. art. VII, § 6, and the provisions of what is now section 17.82 of the Education Code.

## II.

In response to your second question, we conclude that a commissioners court may not grant a lease of this type without compliance with the public auction requirements of section 263.001 of the Local Government Code.

We presume that by the reference to "competitive bidding" in your question you mean the "public auction" requirements of section 263.001, which section provides in the second sentence of subsection (a) that "[t]he sale or lease must be made at a public auction held in accordance with this section unless this chapter provides otherwise." Subsection (b) provides for the publication of notice of the auction.

You do not indicate that the property in question is subject to an exception to the public auction requirement under chapter 263. (See, e.g., section 263.002, providing alternatives to the disposition by public auction for abandoned seawall or highway property.)

We find ample authority for the rule that a disposition of county property not made in compliance with the public auction requirements of what is now section 263.001, and not falling within an exception to these requirements under chapter 263, is void. See, e.g., Hardin County v. Nona Mills Co., 112 S.W. 822 (Tex. Civ. App. 1908, no writ); Jack v. State, 694 S.W.2d 391 (Tex. App. - San Antonio 1985, writ ref'd n.r.e.).

### S U M M A R Y

The authorization in section 263.001 of the Local Government Code for a county to lease county property, includes the authority to include in the agreement an option to extend the lease on reasonable terms. Such lease must be made in compliance with the public auction requirements of that section, unless the transaction is subject to an exception under chapter 263 to the public auction requirement.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

p. 5417

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General