ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 27, 2012

The Honorable Billy W. Byrd
Upshur County Criminal District Attorney
405 North Titus Street
Gilmer, Texas 75644

Opinion No. GA-0958

Re: Whether a commissioners court may execute a surface lease of county school land that contains a term obligating the lessee to make expenditures for land management and maintenance (RQ-1044-GA)

Dear Mr. Byrd:

You ask whether a commissioners court may execute a surface lease of county school land that contains a term obligating the lessee to make an expenditure for land management and maintenance.[1] As a preliminary matter, although you have attached a lease to your request letter, this opinion does not purport to construe the terms of the contract. The construction of particular contracts and leases is not a function of the opinion process. Tex. Att'y Gen. Op. No. GA-0252 (2004) at 6. However, we may advise whether a public entity is generally authorized to agree to a particular contractual term if the question may be answered as a matter of law. Tex. Att'y Gen. Op. No. GA-0176 (2004) at 2.

Article VII, section 6 of the Texas Constitution governs the ownership and disposition of county school lands. TEX. CONST. art. VII, § 6. The provision authorizes a county to "sell or dispose" its county school lands, the proceeds of which are to be held in trust in perpetuity in the county permanent school fund. See id.; TEX. EDUC. CODE ANN. § 45.113(a)(2), (c) (West Supp. 2011). Income from the trust "constitutes a portion of the county available school fund and may be distributed as permitted by law." TEX. EDUC. CODE ANN. § 45.113(c) (West Supp. 2011). The Texas Supreme Court has construed article VII, section 6 to also authorize counties to lease their county school land. See Falls Cnty. v. Delaney, 11 S.W. 492, 492 (Tex. 1889).

An early court of appeals opinion determined that article VII, section 6 did not preclude a commissioners court from leasing county school land for pasture pursuant to a lease that required the lessee to spend $500 to construct a fence on the land. McInnes v. Wallace, 38 S.W. 816, 817–18 (Tex. Civ. App.—San Antonio 1896, writ denied). The court noted that the commissioners court

---

[1]See Letter from Honorable Billy W. Byrd, Upshur Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Feb. 28, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

had reasonable discretion to set the rental price, that the funds were not diverted to anything other than school purposes, and that the $500 would never become a part of the school fund. *Id.* at 817. The court also observed that providing for a fence was necessary for the county to be able to lease pasture land. *Id.* The court finally held that it was not a "breach of the trust reposed in a county to lease its school lands" with a requirement in the lease that the lessee spend $500 to build a fence on the land. *Id.* at 818.

You do not direct us to, and we have not found, any authority casting doubt on a county's ability to enter into a lease that requires the lessee of county school land to expend funds for land management and maintenance.[2]  Accordingly, we conclude that a court would likely recognize a county's general authority to do so, provided the lease term is consistent with school fund purposes and otherwise comports with law.  We express no opinion, however, on the legality of any specific lease term that may be contemplated by Upshur County.

---

[2]From materials attached to your request, it appears a principal concern was an opinion of this office that determined that a commissioners court could not use funds from the lease or rental of county school land to build a house or make improvements on the land. Request Letter attachment (citing Tex. Att'y Gen. Op. No. JM-729 (1987)). Because that opinion addressed only the general authority of a *county* to expend funds, it is not relevant to the question presented to this office involving a lease term requiring the *lessee* to make expenditures. *See McInnes*, 38 S.W. at 817–18 (distinguishing the question of whether a county commissioners court had the authority "to make out of the collected rental money of school lands improvements that would be needed to render the lands effective in producing a larger and steadier school fund").

## S U M M A R Y

A court would likely conclude that a county is generally authorized to enter into a lease that requires the lessee of county school land to expend funds for land management and maintenance. We express no opinion, however, on the legality of any specific lease term that may be contemplated by Upshur County.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee