AUGUSTUS WIERICH, appellant, *v.* JOHN P. DE ZOYA *et al.*, appellees.

*Appeal from Jo Daviess.*

When a judgment is obtained by fraud or accident, without any fault or negligence on the part of the defendant, a Court of Equity will afford relief, either by opening the case and allowing the party an opportunity of another trial, or by a perpetual injunction.

A. gave his note to B. and B. assigned the note to C.  D. and E. having a demand against B., sued out an attachment against him and summoned A. as his garnishee.  They obtained a judgment against B., and a conditional judgment was rendered against A., upon which a *scire facias* was issued, returnable to the next term.  Before the return of this writ, C. sued A. upon the note, and obtained a judgment against him before a justice of the peace.  D. and E. being satisfied that their garnishee process would not avail them, directed A. to pay the amount of the note to C., and agreed to dismiss the process and pay the costs.  A. paid the amount to C., and in consequence of the agreement with D. and E, did not appear to answer the *scire facias*.  They took advantage of his non-appearance, and obtained a final judgment against A. as garnishee.  Execution being issued, and its collection being pressed, A. filed a bill in Equity and obtained an injunction.  There was a demurrer to the bill, which was sustained by the Court, and the bill dismissed:  *Held*, that the Court erred in sustaining the demurrer and dismissing the bill.

BILL IN CHANCERY for an injunction, &c., in the Jo Daviess Circuit Court, filed by the appellant against the appellees. At the August special term of said Court, 1845, the Hon. Thomas C. Browne presiding, the bill was demurred to, the demurrer sustained and the bill dismissed.

The material facts appear in the Opinion of the Court.

*O. C. Pratt*, for the appellant.

Where a defendant has had an adequate remedy at law, and has been prevented from resorting to it in time by the fraud or circumvention of the plaintiff, he ought to be relieved in Equity.  *Poindexter* v. *Woddy*, 6 Munf. 418; *Lee* v. *Baird*, 4 Hen. & Munf. 453; 2 Peters' Cond. R. 518; *Williams* v. *Fowler*, 2 J. J. Marsh. 405; *Saunders* v. *Jennings*, Ib. 513; 2 Story's Eq. Jur. 173, § 887; 1 do. 256, § 252.

*E. B. Washburne*, upon the same side, filed the following brief:

The bill shows equity on its face.  It was a palpable fraud

on the part of the appellees to take a final judgment against the garnishee, after directing him to pay the amount of the note to Sherrill, and promising to have the proceedings withdrawn. 1 Story's Eq. Jur. 197, 201; Ib. 420.

The bill shows a perfect defence on the part of Wierich, and that he was prevented from making it by the representations of the appellees.

The case of *Beams* v. *Denham,* 2 Scam. 58, is an authority in point.

In regard to injunctions after a judgment at law, it may be stated as a general principle, that any fact which proves it to be against conscience to execute such judgment, and of which the injured party could not avail himself in a Court of Law, but was prevented by fraud or accident, unmixed with any fault or negligence on his part, will authorize a Court of Equity to interfere by injunction, to restrain the party from availing himself of such judgment. 2 Story's Eq. Jur. 174; Cooper's Eq. 139; 7 Cranch, 332.

*J. B. Wells,* for the appellees.

The appellant was not entitled to relief in consequence of his own laches, in not appearing and answering the *sci. fa.* Byers was only a nominal party, and the appellant was so told by him. The conversation between them was a mere street talk, and the appellant should not have relied, as he pretends, upon his talk, knowing that Byers was not a party in interest, though formerly a partner of De Zoya.

The latter, when spoken to by appellant on the subject, informed him that he knew nothing of the circumstances, and could make no agreement with him.

All the cases cited by the counsel for the appellant are based upon the fact of no laches. There is a case in point in 1 Johns. Ch. R. 50.

The Opinion of the Court was delivered by

CATON, J.* The bill shows, that the complainant was

---

* WILSON, C. J., did not sit in this case.

served with a garnishee process in an attachment suit, in which the present defendants were plaintiffs and one McCormick was defendant, in which a judgment was perfected against the present complainant as a debtor of McCormick, to whom in fact he was not indebted, and that he might have successfully defended himself against the said proceedings, had he attended and made defence. The reason assigned in the bill for not attending to the suit is, that after the issuing of the *sci. fa.*, which was sued out on the conditional judgment, and before the return day of the *sci. fa.*, Wierich was directed by Byers, one of the plaintiffs in the attachment, to pay the demand which they were pursuing by their attachment to one Sherrill, to whom he was satisfied it was due instead of McCormick, and that he would dismiss the garnishee proceedings against them and pay the costs. Relying upon this assurance of Byers, the garnishee paid no further attention to the matter, but that in violation of that arrangement, the plaintiffs in the attachment suit fraudulently proceeded and perfected their judgment against the garnishee, and threaten to collect the same; that according to the direction of Byers, the complainant had paid the demand to Sherrill. The bill prays a perpetual injunction. A demurrer was sustained to the bill, and the bill dismissed.

The only question to be determined is, whether the bill shows sufficient upon its face to entitle the party to the injunction. We are clearly of the opinion that it does. The demurrer admits the truth of the statements in the bill, and they present a clear case of fraud. The defendants have taken advantage of their own wrong in obtaining the judgment at law. I hardly know where we are to look for a stronger case. After the proceeding had been commenced against the complainant, Byers, one of the plaintiffs in that suit, investigated the title to the note, the amount of which they were seeking to recover, and being convinced that it belonged to Sherrill, advised Wierich to pay it to him, which was accordingly done. At the same time, also, he assured him that he would dismiss the garnishee proceedings against

him, and pay the costs. If this were not sufficient to justify Wierich in paying no further attention to that proceeding, it is not for the party, who, by fair promises, induced him to attend no further to the proceeding by assurances that it should be dismissed, to accuse him of negligence. If the complainant was too confiding, it is not for the party who has betrayed that confidence to reproach him with, or take advantage of it. He lulled the present party into security, by assurances that he would do what it was but just that he should have done, and then, in his absence, and in violation of his agreement, took a judgment to which he knew he was not entitled; and then, when called upon to release it, said that he had made over his interest to his co-plaintiff in that suit, and hence he could do nothing about it. De Zoya, when called upon for the same purpose, excuses himself for insisting upon the payment of the judgment, by saying he knows nothing about it. If he did not participate in the original fraud, by insisting upon its fruits he becomes a party to it. He cannot excuse himself as being a *bona fide* purchaser of the interest of his co-plaintiff, who actually committed the fraud. It having been committed by one of the parties to the judgment, it is as much tainted as if all the parties had participated in the fraudulent practices and design.

Where a judgment is obtained by fraud or accident, without any fault or negligence on the part of defendant, a Court of Equity will afford relief, either by opening the case, and allowing the party an opportunity of another trial, or by a perpetual injunction. In case a new trial is awarded, whether it should be sent back to the Court of Law to be tried again, as seems to be the practice in Kentucky, or whether the Court of Chancery will proceed, having thus obtained jurisdiction of it, and make such a disposition as the real rights of the parties require, we do not now propose to determine. In this case that question does not arise, for here is a clear case presented in the bill, requiring a perpetual injunction. The case of *Lee* v. *Baird*, 4 Hen. & Munf.

493, is precisely like this, except that the inducements offered to secure the absence of the party from the Court were not so strong.

The decree of the Circuit Court, sustaining the demurrer and dismissing the bill, must be reversed, and the cause remanded with leave to the defendant to answer. Costs to be paid by defendant.

*Decree reversed.*