## JOHN G. BELL v. PAUL WALNITZCH.

1. It is error for the District Court to disregard additional causes for a new trial discovered and alleged after the filing of the original motion, and after two days from the trial.

2. In a cause taken by appeal from a justice's court to the District Court, and in which a motion for new trial has been overruled, an original bill for new trial may be entertained, and from the action of the court on such bill appeal lies to the Supreme Court.

3. It would seem that a judgment obtained by fraud or false swearing would be invalid.

4. Perjury not discovered in time to be shown in a motion for a new trial may be made available in a bill for that purpose.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

The facts appear in the opinion.

*A. Chesley*, for appellant, cited 1 Graham & Wat. on New Trials, 161, 172, 57; 3 Vol., 994, 1470, 1467; Hilliard on New Trials, 416, 451, 376 ; 13 Texas, 227, Fisk v. Miller ; Bigelow on Estoppels, 4; Story's Equity, Sec. 32; 17 Texas, 114, Goss v. McLaurin.

*Hunt & Holland*, for appellee, cited 3 Texas, 154, De Leon v. Owen; 1 Texas, 35, Thompson v. Buckley; 13 Texas, 444, Cook v. Garza ; 14 Texas, 303, Ward v. Cobb; 21 Texas, 183, Burnley v. Rice; 21 Texas, 739, Vardeman v. Edwards; 22 Texas, 252, Gregg v. Bankhead ; 3 Graham & W. on New Trials, 1021, 1083, 1457, 1461, 921, 930, 963, 1520 ; 32 Texas, 208, Aldredge v. Murdoff; 34 Texas, 626, Shirley v. Byrnes; 13 Texas, 59, Osborne v. Scott; 21 Texas, 409, Guffey v. Mosely; 34 Texas, 238, Peck v. McKellar; 32 Texas, 684, Clark v. Koehler.

OGDEN, P. J.—In 1868, A. J. Hough obtained a judgment in a justice's court against Paul Walnitzch for the

sum of $35.28, and in the due course of business sold or transferred this judgment to appellant, John G. Bell. Walnitzch appealed the cause to the District Court, and Bell appeared in the District Court, alleging that the judgment below had, for a valuable consideration, been transferred to him, and asked to be permitted to prosecute the appeal in the place of Hough, the original plaintiff. His prayer was granted, and he was permitted to prosecute the appeal as plaintiff. On the trial in the District Court, Walnitzch was placed on the stand as a witness for defendant, and testified that Hough was largely indebted to him over and above the judgment obtained in the justice's court. Upon this testimony there was a verdict and judgment against Bell for $194, which judgment was wholly remitted by the defendant, excepting the costs. On the second day after the verdict, Bell being absent, his counsel filed a motion for a new trial, and on the ninth day, Bell having returned, and before the motion for a new trial had been considered by the court, an amended motion for a new trial was filed, which the court refused to consider, because the same had not been filed within the time prescribed by law.

We think this was error. The law had been complied with, the motion for a new trial had been filed within two days, and it may be presumed that the motion was regularly entered on the motion docket, as nothing appears to the contrary. The opposite party was thereby notified that a new trial would be sought, and it was his duty, if he wished to resist the motion, to watch the same until it should have been finally disposed of. The object of the law in requiring the motion to be filed within the two days is most evident. Parties are not expected, and should not be required, to remain in attendance upon the court during the whole term, after their business has been disposed of, unless they shall be notified within a reason-

able time that an effort will be made to set aside what has already been done. And therefore if no motion for a new trial is made before the expiration of the two days, parties are no longer required or supposed to remain in court, or to take notice of any action had therein. But when a motion has once been filed within the prescribed time, all parties who were legally before the court, on the trial of the cause, are chargeable with notice of any action had in the premises until that motion shall have been finally disposed of. It is true that Art. 1473, Pas. Dig., requires that "every such motion shall be accompanied by a written specification of the grounds on which it is founded, and none other than those specified shall be heard." But it is believed that it was not the object of the statute to shut out a consideration of all grounds for a new trial excepting those which were specified at the time the motion was filed, since the motion may have been filed on the day of the verdict, and in that case additional grounds could certainly be specified at any time before the expiration of the two days, provided they were filed with the original motion (and before that motion shall have been decided), and the opposite party duly notified of the same; and where additional grounds for a new trial have arisen or been discovered, after the expiration of the two days, and before the hearing on the original motion, we can discover nothing in the letter or spirit of the law to prevent the court from considering them, if required by the justice of the case.

This seems to be the view of the statute taken by this court in Sweeney v. Jarvis, 6 Texas, 44, in which it is said: "The object of the statute is simply to require the party making the motion by written specification to direct the attention of the court and the opposite party to that one or more of the several grounds recognized by law on which he proposes to base his application for a

new trial. Nothing more was, it is conceived, contemplated by the statute." And it was decided that the court might grant a new trial for causes not specified at all. And if the court may grant a new trial for causes not specified, it would seem clear that the court should consider any valid grounds for a new trial, which had been specified and of which the opposite party was duly notified, before the hearing of the original motion, though the same may have been filed after the expiration of the two days.

Subsequently an original suit by bill in equity for a new trial was filed in the lower court, in which the whole facts of the former suit were clearly set out, and the grounds upon which a new trial was sought. The grounds are, in part, surprise in the former trial, perjury on the part of a witness against the petitioner, by reason of which petitioner had been greatly damaged, and which perjury was not discovered on the former trial in time to make it available in his application for a new trial in the former suit. We think the showing in both of these particulars are sufficient to entitle the party to a new trial in the original suit.

It would seem that if a judgment be obtained by fraud or false swearing, such fraud or false swearing would wholly vitiate the judgment. And where the fraud or false swearing had not been discovered before the expiration of the two days after the rendition of the verdict, or where a party, from any cause, had been prevented from setting up the fraud or false swearing as a cause for a new trial within the time prescribed by law, equity would require that he should be permitted to set up those facts in an original bill for a new trial, and if he presented a sufficient ground to annul the judgment, a new trial should be awarded. We think the bill in this case showed a sufficient equity to entitle the party to a

new trial in the original suit, and that the District Court erred in dismissing the same.

The judgment is therefore reversed and the cause remanded, with instructions that a new trial be awarded.

REVERSED AND REMANDED.