TEXAS & P. RY. CO. et al. v. DUFF.
(No. 8125.)

(Court of Civil Appeals of Texas. Dallas. Dec. 7, 1918. Rehearing Denied Jan. 11, 1919.)

1. JUDGMENT ⬤⟿443(1)—EQUITABLE RELIEF—POWER OF COURT.

District courts may grant relief against a judgment by re-examining the case on its merits, when it appears that the judgment has been obtained by fraud, mistake, or accident without any want of diligence on the part of the person against whom rendered.

2. JUDGMENT ⬤⟿335(3), 956(5)—BILL OF REVIEW—GROUNDS FOR RELIEF—EVIDENCE.

In bill of review, seeking a revision and cancellation of a judgment for personal injuries held that issues presented had been decided in suit for damages.

3. NEW TRIAL ⬤⟿104(1)—NEWLY DISCOVERED EVIDENCE.

New trials are not to be granted upon newly discovered evidence which is merely cumulative.

4. JUDGMENT ⬤⟿335(2)—BILL OF REVIEW—CUMULATIVE EVIDENCE.

The principle that new trial will not be granted upon newly discovered evidence which is merely cumulative applies to a bill of review, seeking a review and cancellation of judgment after term time.

5. JUDGMENT ⬤⟿514—COLLATERAL ATTACK—FRAUD.

A judgment cannot be questioned for fraud in its procurement in an independent suit be-

tween the same parties, when the judgment was entered after due notice and upon evidence offered pro and con.

Appeal from District Court, Van Zandt County; J. R. Bond, Judge.

Bill of review by the Texas & Pacific Railway Company and others, seeking a revision and cancellation of a judgment rendered against the Railway Company and in favor of R. L. Duff. Bill dismissed, and plaintiffs appeal. Affirmed.

F. H. Prendergast, of Marshall, and J. A. Germany, of Wichita Falls, for appellants.

Wynne, Wynne & Gilmore, of Wills Point, for appellee.

TALBOT, J. The appellee, R. L. Duff, on February 26, 1916, brought suit in the district court of Van Zandt county against the appellant the Texas & Pacific Railway Company, to recover damages for personal injuries received as a result of the negligence of the appellant. This suit was numbered 3689, and the pleadings and proof of the appellee therein showed that he was standing near the appellant railroad track at a public crossing when a freight train of appellant passed, and that a lump of coal fell or was thrown from the tender of the engine drawing the train, struck him on or near the shoulder, knocked him down, and dislocated his hip and otherwise injured him. The appellant railway company pleaded, among other things not necessary to state, the general issue, and specially, in substance and effect, that appellee's injuries were feigned and his suit for damages fraudulent. The case was tried, and on August 10, 1916, a jury verdict in favor of appellee, Duff, for the sum of $5,000 was rendered, and judgment thereupon duly entered. Later this judgment, according to the pleadings of the appellants, was affirmed on appeal (195 S. W. 1169) and writ of error denied by the Supreme Court. On March 2, 1918, the appellant herein the Texas & Pacific Railway Company, joined by R. H. Stewart and J. Dabney Day, sureties on the supersedeas bond, given by said railway company in its appeal from the judgment rendered on said cause No. 3689; and J. L. Lancaster and Pearl Wright, as receivers of appellant railway company, filed in the district court of Van Zandt county a bill of review, seeking a revision and cancellation of the judgment rendered in said cause No. 3689, and an injunction restraining the enforcement and collection of said judgment. This relief was asked upon allegations charging, in substance, that appellee, Duff, alleged, in his suit No. 3689 for damages, that prior to the accident resulting in the injuries of which he complained he had been a strong, able-bodied man, capable of doing any kind

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of work, but that since the accident, on account of injuries to his hip and other injuries received at that time he was a confirmed cripple; that upon the trial of said cause appellee procured and introduced false evidence to prove the allegations of his petition, and testified falsely himself as to the extent of his injuries and as to the previous condition of his hip; that he testified that he had never suffered a dislocation of his hip prior to the time of the accident in question; that he never had any trouble with his hip or back before that time; that while he could, at the date of the trial, walk without his crutch and the brace on his hip "some piece" without falling, provided he walked "right straight and easy" and did not put too much weight on his leg, yet "if he made any kind of a turn he would go down"; that the gravamen of appellee's "cause of action was an initial dislocation of the hip of which he complained, and that the effect of his testimony and all thereof was that prior to the injury his hip was sound, and that he never suffered any inconvenience therefrom, or a dislocation thereof prior to the accident"; that all of the testimony given by appellee himself and introduced at his instance was in support of that theory and contention; that appellant has reason to and does believe, and avers the fact to be, that said "testimony was perjured and false"; that appellee knew at the time it was given that it was false, and that it was given for the fraudulent purpose of deceiving the court and jury to the end that appellee might procure a false and fraudulent verdict from the jury against appellant; that in truth and in fact there was no initial dislocation of the hip as the result of the accident alleged to have occurred, but that said hip was unnatural, and had been for a number of years at least, and probably during appellee's entire life, to the extent that he could at will throw the same out of place or joint and replace the same without pain or inconvenience. The appellants further allege in their bill of review the investigation and efforts made before the trial of appellee's suit for damages to obtain information as to the cause of the accident complained of, the result thereof, and of appellee's physical condition prior thereto. It is then alleged that appellant was wholly unable to learn any fact upon which to base the conclusion that appellee had, prior to the injury complained of in said damage suit, any trouble with his hip, or that the same was abnormal in any respect, and that appellants had no knowledge at the time of the trial of any fact leading to that conclusion, but that, on the contrary, all the information procured was to the effect that prior to the alleged accident appellee's hip was normal, and had never then been out of place. It is further alleged that immediately after the trial of appellee's

said suit for damages, appellant proceeded to make investigation into the truth of the testimony of appellee, "of which it had no information prior to the trial, and none at the trial, save and except logical inferences," by employing one E. A. Long to learn, if possible, the truth, to the end that it procure justice; that said Long did procure information which confirmed appellant's belief that the said testimony of appellee was false and fraudulent; that thereafter it employed one Hiram Apel to make further and a more thorough investigation, and that he procured the affidavits of numerous persons to the effect that appellee Duff had, on many occasions, exhibited his ability to dislocate the hip charged to have been injured in the accident in question with scarcely any effort and wholly without pain.

Upon the presentation of appellant's bill and application Hon. Joel R. Bond, judge of Eighty-Sixth judicial district of Texas, in vacation, granted and directed the issuance of the injunction prayed for upon applicants giving bond in the sum of $12,000, payable and conditioned as required by law. On April 4, 1918, appellee, Duff, filed a motion to dissolve the injunction granted, and prayed that appellant's bill be dismissed. On hearing in chambers appellee's motion and prayer were granted, the injunction dissolved, and the bill dismissed. From this action of the court this appeal is prosecuted.

The appellants contend: (1) That "the court erred in dissolving the injunction because the allegations in the bill and exhibits showed a fraud had been committed and the injury would be irreparable"; (2) that "the court erred in dismissing the bill and not continuing the same over for hearing on its merits." To these contentions appellee replies: (1) That the issues presented in appellant's bill of review, whether or not appellee was a contortionist and could, before the accident and trial of the original suit, throw the alleged injured hip out of joint and replace it at will, and that he had falsely testified that he had not suffered a dislocation of said hip prior to the accident complained of, were, upon pleadings and evidence raising those issues, tried and determined against appellant on the trial of said suit, and could not be raised and opened up on alleged newly discovered evidence, especially when such evidence would be merely cumulative; (2) that because of appellants' negligence in failing to discover the alleged newly discovered evidence before the trial of the original suit for damages or in time to present in the district court, during the term at which the judgment now sought to be set aside was rendered, a motion for a new trial based upon such evidence, appellants cannot maintain this proceeding, and therefore the court did not err in dissolving the

temporary injunction and dismissing the bill of review.

[1] The law is well settled in this state "that the district courts in the exercise of their equitable powers may grant, by re-examining the case on its merits, such relief as equity and justice may demand when it is made to appear that a judgment has been obtained by fraud, mistake, or accident without any want of diligence on the part of the person against whom rendered." This general rule does not seem to be denied by the appellee, but, as indicated, he contends, in effect, that the pleadings, evidence, and charge of the court in the original suit for damages show that the issue raised in appellant's bill of review was presented and decided in said original suit, and that appellants, because of their lack of proper diligence, are not entitled to relief in equity.

[2] We have arrived at the conclusion that the court did not err in dissolving the injunction and dismissing the bill. In reaching this conclusion we have not been unmindful of the fact that the rule, which denies to a party the right to relitigate a matter once in controversy and decided by a court having jurisdiction, assumes that there has been a trial in which the respective parties have had an opportunity to fully present their claims, and that it was said in McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357, that the rule ought not to be given application when it is clearly made to appear that one party has, by his own false evidence, knowingly given, or by the evidence of others by him introduced and known to be false, obtained a judgment against his adversary which gives to him something which truth and justice would deny. That the issue raised in appellant's bill of review was presented and decided in appellee's suit for damages is, we think, manifest. Appellee's claim for damages, as set forth in his petition in the original damage suit, was based upon the alleged fact that through the negligence of the appellant the Texas & Pacific Railway Company a lump of coal fell from one of its passing trains and struck appellee while he was standing near the railroad track at a public crossing; that the blow knocked him down, causing his hip to strike a piece of coal lying on the ground, dislocating the hip and otherwise injuring him. Among other defenses the appellant railway company pleaded, in effect, that appellee was not struck and his hip dislocated in the manner alleged by him, and that his alleged injuries were feigned, and his suit brought for the purpose of defrauding the railway company. Upon the issue thus drawn the parties went to trial, and the allegations of appellee's petition sustained by his own testimony and the testimony of other witnesses.

In relating the nature of his injuries and the consequences thereof appellee testified that as a result of being struck by the lump of coal which fell from the railway company's train his shoulder and breast were injured and his hip dislocated; that when he was knocked down his hip struck a piece of coal lying on the ground; that he discovered the dislocation of his hip and reduced it by manipulation and pressure with his hands; that the accident occurred about 7 or 8 o'clock in the evening, and that after he replaced his hip he started home, distant about six miles, in company with his father-in-law and brother-in-law, reaching there a little before daylight; that on his way home his hip came out of joint and was replaced 16 or 18 times in walking the first four miles, and that he thought it came out of joint 16 times while walking the last two miles of the distance. The foregoing testimony of the appellee, Duff, as to his being struck by a lump of coal falling from the railway company's train and resulting in the dislocation of his hip is corroborated by the testimony of J. L. Phillips, appellee's father-in-law, and in some degree by his brother-in-law. There was also testimony offered in the trial of the original damage suit to the effect that appellee, Duff, prior to being struck by the lump of coal which fell from the railway company's train, was a strong healthy man, capable of doing hard work, and had never complained of anything being the matter with his hip joint.

The railway company, in the trial of the said original suit for damages, offered testimony to show that appellee was not struck by a lump of coal hurled from its train, or, if he was, that his hip was not dislocated thereby, and that, if injured at all, the injury was very slight. It also called several physicians as expert witnesses, whose testimony was to the effect that, if appellee suffered an initial dislocation of the hip joint as a result of the lump of coal striking him, it was practically impossible for him to have replaced or reduced it as he said he did. In this connection Drs. Brandon, Cosby, and Cox testified, in substance, that there is a condition of the hip joint that is called a hereditary dislocation, that is, a condition which, perhaps, comes from birth, where the joint is not properly developed and the ligaments are not properly developed or are elongated, producing what is called an habitual dislocation or partial dislocation, in which condition a man can put his joints in or out at will; that it is common to find people who can dislocate various joints in the body at will; that if a man can throw the hip joint out at will the main ligament that holds it in place necessarily must be elongated so it will stretch, and that it is not true that if a man has a hip joint of that kind he could not bear any weight on it; that the hip joint is the most important joint and strongest in the human body.

Dr. Carroll testified that the first time he met the appellee was about two weeks prior to the date of the trial of the case, and that he then made an examination of him; that appellee's hip at the time he began the examination was not dislocated, but that subsequently it became dislocated; that from the complete examination made, it was his opinion that the dislocation occurred from appellee "putting pressure on the foot and twisting his body, throwing the head of the bone out of the cavity." He further said that it was his opinion that appellee could throw his hip joint out at will. At the request of the appellant railway company the court, evidently in recognition of the issue, raised by the pleadings and evidence that appellee's hip joint was not dislocated as a result of the falling of the coal upon him, charged the jury to the effect that, if they believed from the evidence that appellee had suffered an injury to his hip prior to the accident in question, and that such injury resulted directly in the condition his hip was in at the time of the trial, or that if they believed from the evidence that the condition of his hip was the result of natural causes, appellee could not recover.

The basis for equitable relief in the present proceeding of appellants is, in substance, that subsequent to the trial and judgment rendered in the original damage suit, they have discovered testimony of which they were unavoidably ignorant before and at the time of the trial of said suit that shows that the appellee in said trial falsely testified that he had never had any trouble with his hip, and had never suffered a dislocation of his hip joint prior to the accident in which he claims it was injured, whereas, in truth and in fact he was before and at the time said accident occurred, as shown by said newly discovered testimony, a contortionist, and could and had on numerous occasions thrown his hip joint out of place and replaced it without pain or injurious consequences.

In support of this theory and contention, appellants attached to their petition for the relief prayed for separate affidavits of 15 or 16 persons, in which each of them, or the most of them, severally deposed, in effect, that he had seen Duff prior to the date of his alleged injury throw his shoulder, wrist, and fingers out of joint, and some of them that they had seen him throw his hip joint out of place and replace it. These affidavits were introduced in evidence on the hearing of appellee's motion to dissolve the temporary injunction theretofore granted and to dismiss appellants' bill, and constituted the only evidence offered by appellants on said hearing. The appellee, in rebuttal thereof, introduced affidavits and other evidence in a great measure contradicting said affidavits offered by appellants, and the case presented does not, in our opinion, call for an application of the established principle of jurisprudence that courts of equity and justice have power in a proper proceeding to set aside or amend their judgments whenever it appears that an innocent party without notice has been aggrieved by a judgment obtained against him without his knowledge or fault by the fraud of the other party. The record very clearly shows, we think, that the issue, whether or not Duff was a contortionist and could throw his hip joint out of place at will before and at the time he alleges he was hurt by the lump of coal falling on him, and therefore a malingerer and the alleged injury to his hip feigned, was by the pleadings, evidence, and charge of the court presented and decided in the original suit for damages brought by the appellee.

[3, 4] The newly discovered evidence upon which appellants seek a reopening of the case and trial of that issue is merely cumulative of that introduced in the original trial, and new trials are not to be granted upon newly discovered evidence when such evidence is merely cumulative. This is clearly so when the application for a new trial is made during the term at which the judgment sought to be set aside was rendered, and the same principles govern when a petition, to vacate a judgment, as in the present case, which is in the nature of a motion for new trial, is filed after the term. Vardeman v. Edwards, 21 Tex. 737.

[5] Again, a judgment cannot be called in question on the ground of fraud in its procurement in a separate and independent suit subsequently brought between the same parties, when it appears that said judgment was entered after due notice to the adverse party, followed by an adjudication upon the evidence offered pro and con upon the issues involved in the first suit. Greene v. Greene, 2 Gray (Mass.) 361, 61 Am. Dec. 454. The expert testimony referred to above would have justified the conclusion that appellee was a contortionist, and the verdict of the jury necessarily embraces a finding that he had not falsely testified in relation to the manner and extent of his injury. So that to reopen this case and allow appellants to relitigate the issue of whether or not appellee could throw his hip joint out of place at will, and that the injury to his hip was feigned, would not only contravene the rule that new trials are not to be granted upon newly discovered evidence when such evidence is merely cumulative, but also the principle announced in the case cited.

The action of the court in dismissing appellants' bill is not in conflict with any decision cited by them in which it was held that, notwithstanding the dissolution of the temporary injunction which had been grant-

ed, the plaintiffs were entitled to a trial upon the merits of the case.

For the reason indicated, the judgment is affirmed.