**PIERCE et al. v. BOX et al.　(No. 9013.)**

(Court of Civil Appeals of Texas. Dallas. April 10, 1926. Rehearing Denied May 15, 1926.)

1. **Courts ⬡➡207(5)—Writ of prohibition will issue by Court of Civil Appeals to prohibit interference by injunction with judgment ordered executed by such court.**

Prosecution of suit to enjoin execution of judgment foreclosing mortgage and ordering sale necessarily interferes with enforcement of judgment of Court of Civil Appeals issuing mandate commanding execution of such judgment, and hence writ of prohibition will issue from Court of Civil Appeals prohibiting interference with execution of judgment.

2. **Courts ⬡➡480(1).**

District court cannot issue writ of prohibition against district court of another county of equal rank.

3. **Appeal and error ⬡➡1206—Authority of Court of Civil Appeals to protect enforcement of its judgment is not exhausted by mandate ordering execution, but continues until judgment is completely executed by lower court.**

Issuance of mandate from Court of Civil Appeals commanding execution of judgment does not exhaust its jurisdicton, but court's authority to protect enforcement of its judgment continues until judgment is completely executed by lower court.

Original application for a writ of prohibition by Phil H. Pierce and others, directed to W. F. Box and the Hon. J. R. Bell, Judge of the District Court. Writ issued.

J. L. Zumwalt, of Dallas, for relators.

Pierson & Pierson, of Dallas, and G. A. Walters, of Mexia, for respondents.

JONES, C. J. At a former day of this term, this court entered its judgment of affirmance of cause No. 9419 on the docket of this court, styled W. F. Box v. Phil H. Pierce et al., and rendered judgment against appellant and his sureties on the supersedeas bond. The judgment affirmed foreclosed a mortgage on personal property and directed an order of sale to issue against the property described in the mortgage. In due time the mandate of this court issued to the court below, commanding the execution of the judgment. A full statement of the case and the opinion is given in 278 S. W. 226.

After the receipt of the mandate, and on application of appellee in said cause, an order of sale was issued and directed to the sheriff of Limestone county commanding said sheriff to sell the property on which the said foreclosure was had. The said suit was in the district court of Dallas county and is styled Phil H. Pierce et al. v. W. F. Box, numbered 45226–A on the docket of the district court of the Fourteenth judicial district. After the order of sale had issued out of said cause and had been placed in the hands of Whit Popejoy, sheriff of Limestone county, but before same was executed, W. F. Box, appellant in said cause in this court and defendant in the lower court, presented his petition for injunction to Hon. J. R. Bell, judge of the Eighty-Seventh judicial district, praying for an injunction restraining the said sheriff and the judgment creditors from executing or causing to be executed said order of sale, and from enforcing the judgment in said cause. The petition set up the defensive matters pleaded by Box in said cause in the district court of Dallas county, and alleged the same ground of fraud practiced upon him as was set out in his motion for a new trial in said cause in the district court. Upon an inspection of the petition, the said judge of said district court ordered the same filed and the issuance of a temporary writ of injunction as prayed for. This injunction was duly issued and served upon the parties, and the said sheriff refused to execute the order of sale because of said writ. The defendants in said suit in the district court of Limestone county who, except as to the said sheriff, were appellees in the cause in this court, have filed a petition in this court praying for the issuance of a writ of prohibition directed to Hon. J. R. Bell as judge aforesaid, and W. F. Box, prohibiting the trial of said suit by said court and from in any way interfering with the due execution of said judgment of this court. A hearing was had in this court upon this application after due

notice was served upon the adverse parties.

[1-3] After due consideration of the matter, this court is of the opinion that the writ of prohibition should issue as prayed for. The prosecution of the said suit in the district court of Limestone county immediately and necessarily interferes with the due enforcement of the said judgment of this court. The contention is made, both in the pleading filed by W. F. Box and in the oral argument made by the attorneys representing him in this court, that the jurisdiction of this court was exhausted in said cause when its mandate was issued to the court below, and that the lower court only has authority to enforce the judgment. We cannot agree to this contention. The lower court could not issue a writ of prohibition against the district court of Limestone county, for these courts have equal rank, and, if this court has lost jurisdiction and is without power to enforce its judgment, the judgment of this court would thus be nullified. It has been frequently held in this state that appellate courts' authority to act in proceedings to protect the due enforcement of its judgment continues until its judgment is completely executed by the court below. The issuance of the mandate from this court did not exhaust its jurisdiction. Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; Williams v. Foster (Tex. Civ. App.) 229 S. W. 896; City of Palestine v. City of Houston (Tex. Civ. App.) 202 S. W. 215; Wells v. Littlefield, 62 Tex. 28.

In his pleading filed in this court, Hon. J. R. Bell disclaims any intention of entertaining any suit or entering any order that would interfere with the due execution of the judgment of this court. In explaining the order issued by him as judge of the Eighty-Seventh judicial district in the suit filed in said court, he calls attention to the fact that the petition for injunction did not disclose that the said cause had ever been appealed or acted upon by this court, and that the judgment from which the order of sale was issued was the judgment of this court, and that he believed at said time that the judgment was the only one entered by the district court of Dallas county; that as judge aforesaid, he will enter any order in the suit in said district court that this court considers necessary for the due enforcement of its judgment.

It is therefore ordered that the clerk of this court issue the writ of prohibition directed to Hon. J. R. Bell as judge of the Eighty-Seventh judicial district prohibiting him, as judge aforesaid, from trying or making any order in cause No. 6572, styled W. F. Box v. Phil H. Pierce & Company and Phil H. Pierce, on the docket of the district court of Limestone county, Tex., in said judicial district, other than an order dissolving the temporary writ of injunction heretofore issued in said cause and dismissing said cause from the docket of said court; and the clerk will also issue writ of prohibition against W. F. Box, plaintiff in said cause in the district court of Limestone county, Tex., prohibiting him from further prosecution of said cause in said court and from in any way interfering with Whit Popejoy as sheriff of Limestone county in the due execution of the order of sale issued out of cause No. 45226-A and styled Phil H. Pierce et al. v. W. F. Box, in the district court of Dallas county, Fourteenth judicial district. The cost of this proceeding shall be taxed against the said W. F. Box.