## REED v. BRYANT, District Judge, et al. (No. 11794.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 4, 1926. Rehearing Denied Jan. 29, 1927. Motion for Leave to File Second Motion for Rehearing Denied Feb. 26, 1927.)

**1. Courts ⬦205—Court of Civil Appeals has jurisdiction to enforce obedience to its decrees in county outside of its Supreme judicial district.**

Court of Civil Appeals has jurisdiction and authority to enforce its own decrees, even though enforcement had to be in county which was no longer in its Supreme judicial district.

**2. Judgment ⬦335(2)—"Intrinsic fraud," or fraud involved in issue actually determined, did not warrant cancellation of judgment in separate suit in nature of bill of review.**

Fraud alleged on part of defendant, in testifying to facts which he knew to be false and in procuring other testimony which he likewise knew to be false, was "intrinsic fraud," or fraud involved in issues actually determined, which did not warrant cancellation of judgment in separate suit in nature of bill of review.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Intrinsic.]

**3. Judgment ⬦217—Judgment held final though it failed to award writ of execution for its enforcement.**

Judgment, which failed to award writ of execution for its enforcement, was final, since right to such writ arises from and is incidental to recovery awarded.

**4. Appeal and error ⬦1145—Judgment of trial court became judgment of Court of Civil Appeals when it was affirmed on appeal.**

Judgment of trial court became judgment of Court of Civil Appeals, when it was affirmed on appeal prosecuted therefrom.

**5. Judgment ⬦335(2)—Misconduct of jury, in discussing facts not in evidence, did not authorize setting aside judgment in separate suit (Rev. St. 1925, art. 2234).**

Misconduct of jury, in reaching verdict by discussing facts not introduced in evidence, which was not caused or procured by party recovering judgment, did not authorize setting aside judgment in separate suit for fraud practiced by winning party in its procurement; Rev. St. 1925, art. 2234, permitting new trial to be granted for misconduct of jury, being unavailable.

**6. Judgment ⬦335(2)—Newly discovered evidence, not discovered by losing parties by proper diligence prior to trial, was not ground for setting aside judgment in separate suit.**

Newly discovered evidence, not known to losing parties or discovered by them in exercise of proper diligence prior to trial, which losing party was not prevented by winning party from previously discovering, was not ground for setting aside judgment for fraud by winning party in its procurement in separate suit for that purpose.

**7. Prohibition ⬦12—By filing answer in suit to set aside his judgment and by participating in another proceeding regarding property involved, defendant did not waive right to writ of prohibition to restrain interference with execution on judgment.**

By filing answer in suit in nature of bill of review to set aside his judgment, and by participating in proceeding regarding lien notes which he received from plaintiff, defendant did not waive right to writ of prohibition to restrain interference with execution on judgment.

## On Motion for Rehearing.

**8. Judgment ⬦335(2)—Parties could not complain of matters, which they had opportunity to present during trial, as ground for second suit to vacate former judgment.**

Where parties appeared and filed pleadings and took part in trial of cause, and had opportunity to present objection that judgment was excessive for lack of sufficient pleadings, and that they were taken by surprise during trial, and that there was lack of necessary parties, they could not complain of same matters as ground for second suit to vacate former judgment.

Petition by M. H. Reed for writ of prohibition restraining Bruce W. Bryant, Judge of District Court of Throckmorton County, and others, from taking steps to prevent execution of mandate issued by Court of Civil Appeals, and for injunction to restrain respondents from taking any steps to delay or prevent execution of that judgment. Relief granted.

Hart, Patterson & Hart, of Austin, for relator.

G. W. Thomason, of Haskell, for respondents.

DUNKLIN, J. On October 31, 1920, Mrs. Edna Thomason and her husband, Y. L.

Thomason, instituted their suit in the district court of Throckmorton county against M. H. Reed for the cancellation of a certain contract of sale of an oil lease to them by Reed, and for the recovery of certain vendor's lien notes which plaintiffs transferred to Reed in part consideration for said purchase, also for the cancellation of a promissory note for the principal sum of $2,241, executed by the plaintiffs to Reed in further consideration for the sale of the lease. The grounds for such cancellation, briefly stated were that Reed had obligated himself to drill an oil well on adjoining land to a depth of 3,500 feet, unless oil or gas was found at a less depth, on or about February 21, 1920, and would furnish plaintiffs an abstract of title to the lease so sold to them, showing good title thereto, both of which obligations he had breached.

To that suit Reed filed an answer, denying the allegations in plaintiffs' petition, and in addition thereto he filed a cross-action for judgment against plaintiffs on the note for $2,241, which plaintiffs had executed and delivered to him. Upon the trial of the case judgment was rendered denying plaintiffs the relief prayed for, and decreeing a recovery in favor of Reed on his cross-action for the principal and interest of the note, which plaintiffs had executed to him, mentioned above. That suit was No. 465 on the docket of the district court of Throckmorton county.

The plaintiffs in that suit prosecuted an appeal to this court, where the judgment of the district court was in all things affirmed. See 263 S. W. 1069. A motion for rehearing, filed by appellants, was duly overruled, and an application for writ of error to the Supreme Court from that decision was denied. A mandate from this court was duly issued for the collection of the judgment so rendered in favor of Reed.

Prior to the issuance of said mandate, Mrs. Edna Thomason and her husband, Y. L. Thomason, filed another suit, in the nature of a bill of review, in the district court of Throckmorton county, in cause No. 540 on the docket of that court, against M. H. Reed, to set aside the judgment theretofore rendered in said cause No. 465, and grant a new trial of the issues involved in that suit. Copies of all the proceedings in cause No. 465, including copies of the judgment, pleadings, and statement of facts, were attached to the plaintiffs' bill of review.

In the bill of review, plaintiffs set up the same cause of action that they had alleged in the former suit; and the grounds upon which the cancellation of the former judgment was sought were, in substance, as follows: (1) That the judgment in favor of Reed upon the former trial was procured upon testimony of Reed upon material issues which he knew to be false at the time it was given, and testimony of other witnesses which Reed procured, and which he likewise knew to be false. (2) That since the final judgment in the former suit plaintiffs had discovered other witnesses who would testify to facts material to the cause of action set up by plaintiffs in the first suit, and which would corroborate the testimony given by plaintiffs in that suit, and another witness who had been newly discovered, who would testify in direct contradiction of the material testimony given by a witness introduced by Reed on the trial of the former case. In that connection it was alleged, in substance, that the plaintiffs' failure to discover said new witnesses before the trial of the former suit was not due to any lack of diligence on their part. (3) That the jury selected to try the former suit and upon whose verdict the judgment in that suit was rendered, were guilty of misconduct, in that during their deliberations they discussed other lawsuits in which the plaintiffs in this suit were interested, which discussion created a prejudice against the plaintiffs in the suit, and by reason of such prejudice a verdict was rendered against them. In that connection it was further alleged that the trial court adjourned its term very shortly after the verdict was returned and judgment rendered thereon, and plaintiffs, through no lack of diligence failed to discover such misconduct of the jury until after said adjournment, which was then too late to be set up as one of the grounds of their motion for new trial in that cause. (4) That judgment in cause No. 465 was not final because it failed to provide for the issuance of an execution to collect the amount so awarded to Reed.

In the second suit, and based upon the grounds therein alleged, the plaintiffs procured from the district judge a temporary writ of injunction, restraining the collection of the judgment theretofore rendered in favor of M. H. Reed until the final determination of the merits of the bill of review. In other words, the purpose and effect of said injunction was to restrain the execution of the writ of mandate, which was later issued by this court for the collection of the judgment rendered by this court on appeal in said cause No. 465. And in the bill of review plaintiffs sought to have the temporary writ of injunction made perpetual when that suit should be finally tried.

The proceeding now before this court is by way of an original petition, filed by M. H. Reed, for a writ of prohibition, restraining the judge of the district court of Throckmorton county, in which the bill of review was filed, from taking any steps to prevent the execution of the mandate issued by this court in said cause No. 465, and also for a writ of injunction restraining the plaintiffs from taking any steps to delay or to prevent the execution of that judgment. Hon. Bruce

W. Bryant, in his capacity as judge of said court, and Mrs. Edna Thomason and her husband, Y. L. Thomason, are all made respondents to relator's petition, and they have filed an answer thereto.

[1] Respondents insist that this court is without jurisdiction to grant the relief prayed for by relator, by reason of the fact that Throckmorton county is now no longer within the Second Supreme judicial district, for which this court was established, but that same is now within the Eleventh Supreme judicial district, and that relator's only remedy is to appeal to the Court of Civil Appeals of the latter district after cause No. 540, mentioned above, has been finally tried and determined. The judgment of this court, affirming the judgment of the trial court in cause No. 465, had the legal effect to make the judgment of the trial court the judgment of this court, and it is well settled by the authorities that this court has jurisdiction and authority to enforce obedience to its own decrees, notwithstanding the fact that the enforcement of the same may be in a county outside of this Supreme judicial district. Hovey v. Shepherd, 105 Tex. 237, 147 S. W. 224; Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Williams v. Foster (Tex. Civ. App.) 233 S. W. 120; Pierce v. Box (Tex. Civ. App.) 284 S. W. 231.

As shown in the respondents' petition for bill of review in cause No. 540 in the district court of Throckmorton county, the facts sought to be established by the witnesses who were discovered after the trial of the case of No. 465, and after the expiration of the term of court during which judgment was rendered, were testified to by the plaintiffs on the trial of that cause, and therefore such newly discovered testimony would be merely cumulative of the testimony that was introduced, except as to the testimony of witness Worley. According to the allegations in the bill of review, Worley had testified favorably to Reed in the trial of cause No. 465, with respect to a matter that was collateral only to the main issues, and, after the adjournment of the term, that witness had informed the plaintiffs that he was mistaken in his testimony given on the trial, and would testify to the contrary if called as a witness.

[2] In the petition filed by the plaintiffs in cause No. 465, a rescission of the contract of sale theretofore made by Reed, and for a restoration of the consideration paid to Reed by the Thomasons, was based upon allegations that the contracts made by Reed as a consideration for the purchase of the lease to drill an oil well and to furnish an abstract of title, was made for the purpose of defrauding the plaintiffs and with no intention of performance. That issue was determined adversely to the plaintiffs. The same issue is presented in the bill of review, filed in cause No. 540, with further allegations of fraud on the part of Reed in the procurement of the former judgment, as noted above. The bill of review contains no allegation that the plaintiffs, through any fraud or act on the part of Reed, or any one acting in his behalf, were prevented from appearing at the trial of the case and fully presenting their claims before the court and jury. In other words, the petition contained no allegations of what is usually termed extrinsic fraud, by which is meant fraud which deprives a party of the opportunity to properly present his case to the court and jury upon the trial. And for such fraud the authorities hold an action will lie to set aside the judgment so obtained. The fraud alleged on the part of Reed in testifying to facts which he knew to be false and in procuring other testimony which he likewise knew to be false, is termed by the authorities intrinsic fraud, or fraud involved in the issues actually determined which will not warrant the cancellation of a judgment in a separate suit in the nature of a bill of review.

The case of United States v. Throckmorton, 98 U. S. 65, 25 L. Ed. 93, was an action to set aside the judgment of a court alleged to have been obtained by fraud. The fraud alleged consisted of perjured testimony by reason of which the verdict was sought. A general demurrer to the bill of complaint was sustained by the trial court, and that judgment was affirmed by the Supreme Court. In that case the following was said by the Supreme Court:

"But there is an admitted exception to this general rule, in cases where, by reason of something done by the successful party to a suit, there was, in fact, no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells, Res Adjudicata, § 499; Pearce v. Olney, 20 Conn. 544; Wierich v. De Zoya, 7 Ill. (2 Gilm.) 385; Kent v. Ricards, 3 Md. Ch. 396; Smith v. Lowry, 1 Johns. Ch. (N. Y.) 320; De Louis v. Meek, 2 G. Greene (Iowa) 55 [50 Am. Dec. 491].

"In all these cases and many others which have been examined, relief has been granted, on the ground that, by some fraud practiced directly upon the party seeking relief against the

judgment or decree, that party has been prevented from presenting all of his case to the court.

"On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed."

Then, after a review of a number of authorities supporting the conclusion reached, the following was said:

"We think these decisions establish the doctrine on which we decide the present case, namely: That the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered."

In the case of Hilton v. Guyot, 159 U. S. 113, 16 S. Ct. 139, 40 L. Ed. 95, the following was said:

"It has often, indeed, been declared by this court that the fraud which entitles a party to impeach the judgment of one of our own tribunals must be fraud extrinsic to the matter tried in the cause, and not merely consist in false and fraudulent documents or testimony submitted to that tribunal, and the truth of which was contested before it and passed upon by it."

The following is quoted from 15 R. C. L. p. 770:

"It has been well said that every litigant enters upon the trial of a cause, knowing not merely the uncertainty of human testimony when honestly given, but that, if he has an unscrupulous antagonist he may have to encounter frauds of this character, and that he must take the chances of establishing his case by opposing testimony, and by subjecting his opponent's witnesses to the scrutiny of a searching cross-examination. Hence, the case is none the less tried on its merits and the judgment is none the less conclusive by reason of the false testimony produced. * * * Since every losing litigant may consider himself the victim of false testimony and believe it to be willfully false, and that his adversary knew it to be so, if relief should be freely granted in equity against a decision in another judicial tribunal on the ground that it had been procured through perjury and subornation of perjury, courts of equity would be engaged the greater part of their time in retrying questions of fact, on the suggestion that their trial in the original action had been affected by perjury. To prevent this result, the doctrine of intrinsic and extrinsic fraud has been resorted to by some courts, and, while conceding the fact that extrinsic fraud furnishes a foundation for equitable relief, the position is taken that false testimony amounts to intrinsic fraud, proof of which is not admissible."

To the same effect is Freeman on Judgments, § 489.

The following announcement in 34 Corpus Juris, p. 280, is supported by many decisions from different states, cited in the foot notes:

"The authority to set aside judgments for this cause after the term is limited to cases where the fraud complained of was practiced in the very act of obtaining the judgment, and all cases of fraud which might have been used as a defense to defeat the action are excluded; the fraud must be extrinsic and collateral to the matter tried, and not a matter which was actually or potentially in issue in the action, unless the interposition of such defense was prevented by fraud, accident, or the act of the opposite party without fault or blame on his own part."

In Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723, and T. & P. Ry. Co. v. Duff (Tex. Civ. App.) 207 S. W. 581, in each of which a writ of error was refused by our Supreme Court, it was sought to set aside a judgment upon allegations of perjury in testimony given by the winning party, and upon which the judgment was procured, and in both of those cases it was held by the Court of Civil Appeals that the petitions failed to state sufficient grounds for the relief sought.

The leading case in this state on the subject of setting aside a former judgment by reason of fraud is McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357. That was a suit by a wife to set aside a decree which settled the property rights of herself and her husband when a divorce was granted to the husband. A general demurrer to the petition filed by the wife was sustained by the trial court, and the Supreme Court reversed that judgment and remanded the cause, holding that the petition set up a valid cause for relief. According to allegations in the petition, the couple resided in Live Oak county, Tex., and the wife was absent from home with the consent of her husband, at the home of her mother in the state of Louisiana, about 1,000 miles from her home in Texas, when her husband instituted suit against her for divorce. The wife was without means to come to Texas or to employ counsel, but she did by letter secure an attorney to represent her in the divorce suit and gave him such information as she possessed or was able to procure at the time. The petition for divorce was on the ground of abandonment, but, notwithstanding such allegations in the petition, there was repeated intercourse between the parties while the wife was in Louisiana and during which time the husband had made repeated promises to the wife to take her to Texas as soon as he could provide a new home, he having induced her while in Louisiana to consent to the sale of their Texas home. According to further allegations in the petition, the husband knowingly and falsely testified that his wife had abandoned him, and that $20,000 was the

extent of the property acquired during the marriage relation, all of which was his separate property, when in fact there was $55,000 worth of property, all of which belonged to the community estate except $572, which was the separate property of the husband. The divorce was granted in the absence of the wife, and she was given property amounting in value to $1,800, and the rest was decreed to belong to the husband. It was further alleged that the attorney employed by the wife to represent her was forced to rely entirely on the testimony of the plaintiff with respect to the title to the property, and that the husband had theretofore concealed from her any information concerning the same. It was further alleged that the wife did not discover the falsity of her husband's testimony until after the adjournment of the term of court. In the decision in that case, which was by Associate Justice Stayton, the decision in U. S. v Throckmorton, 98 U. S. 61, 25 L. Ed. 93, was referred to and discussed, and, following that discussion, the following was said:

"If the averments of the petition before us are true, it cannot be denied that the plaintiff in error was prevented by the fraud of the adverse party from fully presenting all of her case at the time the decree was entered, and so without any want of diligence on the part of herself or counsel. If fraud was committed, this was done in obtaining the judgment, and not in some step which preceded the trial, of which the complainant was cognizant and ought to have been prepared to meet.

"The rule which denies to a party the right to relitigate a matter once in controversy and decided by a court having jurisdiction is one on the observance of which the welfare of society largely depends, and should not be frittered away; but it assumes that there has been a trial in which the respective parties have had an opportunity to fully present their claims. It ought not to be given application when it is clearly made to appear that one party has, by his own false evidence knowingly given, or by the evidence of others by him introduced and known to be false, obtained a judgment or decree against his adversary which gives to him something which truth and justice would deny.

"If by accident or mistake, without fault or neglect of his adversary, one obtains a judgment or decree which he ought not to have, relief may be given. And why? Certainly for no other reason than that the party affected by the accident or mistake has not had an opportunity to fully present his right. When one is deprived of the power to do this by the knowingly false testimony of his adversary, is he to be denied relief when it would be given, on the ground of accident or mistake, when his adversary may be without fault?"

In Bell v. Walnitzch, 39 Tex. 132, it was held in a general way that a judgment obtained by fraud or false swearing would vitiate the judgment in a separate suit by the losing party if he has no opportunity to allege the same as a ground for a new trial before the adjournment of the term.

The following decisions by Courts of Civil Appeals have been cited by respondent, in which the case of McMurray v. McMurray, supra, has been referred to; Avocato v. Dell'Ara, 84 S. W. 443; Ralls v. Ralls, 256 S. W. 688; Ellis v. Lamb-McAshan Co., 264 S. W. 241. In the case first cited, which was a suit to set aside a judgment for fraud, Justice Neill said:

"The only question to be considered is, Should the court have, upon dissolving the temporary injunction, dismissed the bill without a hearing upon its merits?"

Following that announcement, the McMurray Case was referred to, with the observation that the same had not been questioned by any other decision in this state, but added the following:

"We have referred to the equitable principle of relief announced in that case, not for the purpose of showing that the petition in this case stated matters sufficient to entitle appellants to the relief sought, for the question of its sufficiency is not for us to pass on now, but to show that, even should it be conceded the petition was bad, it would be subject to amendment if exceptions were sustained to it."

In the second case referred to (Ralls v. Ralls), the following is stated in the syllabus of the opinion:

"In an action to set aside a divorce decree and disposition of community property, evidence held sufficient to show that the husband so managed the matter as to prevent wife from ascertaining the extent of her rights, and the extent and value of the property, so that a finding that the partition agreement was produced by fraud would have been sustained.

"Where a husband's fraud in misrepresenting the amount and value of community property prevented the wife from having a real trial of her rights in the divorce proceeding and division of the community property, the court would have been justified in setting aside the decree."

It thus appears that the judgment there sought to be set aside was procured by extrinsic fraud practiced upon the wife, which induced her to enter into a partition agreement, and on which agreement the decree of court was entered.

In the third case (Ellis v. Lamb-McAshan), it was held that the judgment against a garnishee, which was sought to be vacated, was void because there had been no legal service upon the garnishee, although the McMurray decision was further cited with reference to allegations of fraud, alleged as a further ground for vacating the judgment.

While, in the opinion in the McMurray Case, special stress is laid upon the unconscionable fraud perpetrated by the husband in the willful perjury he committed to cheat

his wife in the partition of the estate, facts were also pointed out which showed that, as a result of a deliberately planned scheme of the husband, the wife was prevented from appearing and proving at the trial her rights in the estate that was partitioned. And the decision was further based on the added perfidy of the husband in violating the trust reposed in him by the statutes which vested him with full control of the community estate, the knowledge and extent of which he had fraudulently concealed from his wife prior to the divorce proceedings, and concerning which he had given false and perjured testimony on the trial. When properly analyzed, it is clear that the decision in that case is in accord with and supported by the decision of U. S. v. Throckmorton and other authorities to a like effect, cited above.

Substantially the same construction of the decision in the McMurray Case was adopted in the decision in Warne v. Jackson (Tex. Civ. App.) 273 S. W. 317, and H. E. & W. T. C. Ry. Co. v. Chambers (Tex. Civ. App.) 284 S. W. 1063, in each of which cases it was held that a final judgment could not be set aside in another suit in the nature of a bill of review, on the ground that it was procured upon false testimony fraudulently given and procured to be given by the winning party. And in each of those cases an application for writ of error was dismissed by our Supreme Court for want of jurisdiction.

[3, 4] There is no merit in the contention of respondents in the present case that the judgment of the trial court was not final because of its failure to award a writ of execution for its enforcement, since the right to such a writ arises from and is incidental to the recovery awarded. Ryan v. Raley, 48 Tex. Civ. App. 187, 106 S. W. 750, and authorities there cited. Furthermore, the judgment of the trial court became the judgment of the Court of Civil Appeals when it was affirmed on the appeal prosecuted therefrom.

[5, 6] We overrule the further contention that the alleged misconduct of the jury in reaching their verdict in cause No. 465, as shown by the affidavits of some of the jurors attached to the petition of plaintiffs in cause No. 540, to the effect that in their deliberations they discussed certain facts not introduced in evidence, was a valid ground for setting aside the judgment based on that verdict. Article 2234, Rev. Statutes of 1925, provides that a new trial may be granted by the trial court for misconduct of the jury, proven in open court upon evidence then heard from members of the jury or others. The right so given to hear testimony of the jurors themselves to show such misconduct was by an act passed in the year 1905 (Laws 1905, c 18), amending the former statute on the same subject. Prior to that amendment, it had been the uniform holding of our Supreme Court that testimony of jurors to irregularities and improprieties of different kinds occurring during their deliberations was not admissible to impeach the verdict even on a motion for new trial. S. L. S. W. Ry. Co. v. Ricketts, 96 Tex. 68, 70 S. W. 315. While under the amended statute such testimony is admissible to sustain a motion for new trial and any error in overruling such motion may be corrected on appeal, yet we have been cited to no authority to the effect that such misconduct of the jury would warrant the vacation of the judgment in a separate and independent suit, instituted for that purpose. Indeed, the contention of respondents now under discussion does not come within the scope of the authority for setting aside judgments for fraud practiced by the winning party in its procurement, since no charge was made that the misconduct of the jury in cause No. 465 was caused or procured by relator, or that he was in any manner responsible therefor. The same conclusion is applicable to the plaintiffs' allegation in the second suit of newly discovered evidence not known to them or discovered by them in the exercise of proper diligence prior to the trial of cause No. 465.

[7] During the pendency of the suit by the Thomasons against Reed in the district court of Throckmorton county, a suit was instituted in the district court of Dickens county by M. M. Allison, the maker of certain vendor's lien notes formerly held by the Thomasons and transferred to Reed in part consideration for the lease sold by him to the Thomasons, and which the Thomasons sought to recover in their suit No. 465. In Allison's petition, the Thomasons and Reed were all made defendants, and an agreed judgment was entered in that suit, discharging Allison's land from the vendor's lien, and decreeing that the money then paid by Allison to satisfy the purchase-money notes and deposited in court should there remain for the benefit of the successful party to the said suit pending in the district court of Throckmorton county. Manifestly the act of Reed in participating in that proceeding was not a waiver of his right to the writ of prohibition now prayed for. Nor did he waive that right by filing an answer in cause No. 540, in which he presented a demurrer to plaintiffs' petition and pleaded the judgment in cause No. 465 in bar. Indeed, his action in so doing was one of diligence which lends strength to his application for a writ of prohibition. Had a default judgment been taken against him in the suit, a more serious question of waiver of the relief now prayed for would have arisen.

For the reasons stated, the relief prayed for in relator's petition is granted, and the clerk of this court is ordered to issue a writ of prohibition directed to the Hon. Bruce W. Bryant, judge of the Thirty-Ninth judicial district of this state, directing him and his

successors in office to vacate the writ of injunction heretofore issued in cause No. 540, and to dismiss said cause from the docket of his court, and restraining him and his successors in office from entering any other order in said suit, which would interfere with the proper execution of the mandate issued by this court upon its judgment rendered in said cause No. 465. And said clerk will also issue a writ of injunction directed to and to be served upon said Mrs. Edna Thomason and her husband, Y. L. Thomason, restraining them, and each of them, and their agents, attorneys, and employees, and all persons claiming through or under them, or either of them, from instituting any new suit or proceeding challenging the binding force of the judgment of this court in said cause No. 465, or the right of relator to proper judicial process to enforce the same. And the clerk of said district court is hereby ordered to obey any mandate of this court issued for the enforcement of said judgment.

### On Motion For Rehearing.

Respondents insist that we should discuss and determine the following grounds alleged by them as reasons why the former judgment in the cause should be vacated and the injunction issued to restrain its collection should be sustained, to wit:

(1) That the former judgment was excessive, to the extent of $65 for lack of sufficient pleadings to support it.

(2) That the Thomasons, against whom that judgment was rendered, were taken by surprise during the trial of the case.

(3) That there was a lack of necessary parties to that suit, namely, Travis county and Thaxton.

In Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986, which was a suit to set aside a judgment rendered in a former suit, the following was said:

"It is also a fixed rule that a court of equity will not interfere to set aside a judgment and grant a new trial except upon a showing of strict diligence in the presentation of the cause, and upon proof that, after doing all that such diligence required to be done, he had been deprived by fraud, accident, mistake, or other uncontrollable circumstance of the opportunity of properly presenting his case upon the trial. And if, after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest."

To the same effect is Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363 (writ of error

denied), and other decisions there cited; also Foust v. Warren (Tex. Civ. App.) 72 S. W. 406; Rose v. Darby, 33 Tex. Civ. App. 341, 76 S. W. 799.

[8] The record shows that the Thomasons appeared and filed pleadings in the former suit and took part in the trial of the cause. And, since they had ample opportunity to there present the matters mentioned above, they are in no position to complain of the same matters as a ground for the second suit to vacate the former judgment. Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Southern Surety Co. v. Tex. Oil Clearing House (Tex. Com. App.) 281 S. W. 1045; and authorities cited above.

Furthermore, independently of the rule of decisions announced above, there is no merit in the contention that Travis county and Thaxton were necessary parties to the suit, since their rights were in no manner involved in the controversy determined.

We adhere to the conclusions reached by us on original hearing of this proceeding, notwithstanding the argument and authorities cited by respondents in their motion for rehearing, which we have carefully considered. To hold otherwise would mean that, should the Thomasons be permitted to maintain the suit to vacate the former judgment rendered against them, which has become final, then they would have the right to vacate another judgment adverse to them on the same grounds alleged in the second suit; and successive suits could be thus brought, and the litigation thereby continued indefinitely. If such were the law, then the binding effect of a final judgment rendered by a court of competent jurisdiction of the parties to the suit and of the subject-matter in controversy would be a myth.

The motion for rehearing is overruled.